State of Wisconsin, Plaintiff-Respondent,
v.
Susan L. Bauer, Defendant-Appellant.
No. 04-1465.
Court of Appeals of Wisconsin.
Opinion Filed: February 24, 2005.
¶1 DEININGER, P.J.[1]
Susan Bauer appeals a judgment convicting her of violating an administrative rule that prohibits camping on University of Wisconsin (UW) lands. She claims the State presented insufficient evidence to establish her guilt of the forfeiture offense. Bauer also contends that the circuit court erred in denying her motion to waive the court costs and surcharges assessed upon her conviction. We conclude that the State presented sufficient evidence to convict Bauer of the offense and that the circuit court did not err in refusing to waive applicable court costs and surcharges. Accordingly, we affirm the appealed judgment of conviction.

BACKGROUND
¶2 A UW police officer issued Bauer a citation after finding her sleeping early one morning in a car that was parked in an underground garage on the UW-Madison campus. The officer testified as follows. He found Bauer asleep on the passenger-side front seat, which was fully reclined, and the car's engine was not running. Bauer had a blanket covering her and a pillow under her head. The officer had difficulty waking her up, and after she awakened, she "seemed groggy." Bauer told the officer that she did not have a permanent address. The officer had previously found Bauer sleeping in her car in the same UW parking garage and had told her "that camping on UW property was not allowed." Bauer acknowledged that the UW police had previously warned her "not to sleep in your car in that parking lot."
¶3 The officer issued Bauer a citation for violating the following administrative rule:
No person may picnic or camp on university lands, except in those areas specifically designated as picnic or camping grounds, or as authorized by the chief administrative officer... For purposes of this subsection, camping shall include the pitching of tents or the overnight use of sleeping bags, blankets, makeshift shelters, motor homes, campers or camp trailers.
WIS. ADMIN. CODE § UWS 18.06(14).
¶4 After a bench trial, the circuit court found Bauer guilty of violating the administrative rule. The court imposed a $20 forfeiture, plus court costs and surcharges, for a total financial obligation of $143.80. Bauer, asserting her indigence, moved the court to waive the costs and surcharges. The court declined to do so, noting that "[i]t's happened before" and stating that the court wanted to discourage Bauer from repeating the behavior. Bauer appeals the judgment convicting her of the offense and imposing the forfeiture, costs and surcharges.

ANALYSIS
¶5 Bauer argues that her conduct did not come within the prohibition against camping set forth in WIS. ADMIN. CODE § UWS 18.06(14), and further that the trial court "made [its] decision based on inference, not facts." We interpret Bauer's argument to be that the State presented insufficient evidence for the court to find her guilty of violating the rule. We will not set aside Bauer's conviction for insufficiency of evidence "unless the evidence, viewed most favorably to the state and the conviction, is so insufficient in probative value and force that it can be said as a matter of law that no trier of fact, acting reasonably, could have found guilt" by clear, satisfactory and convincing evidence.[2]See State v. Poellinger, 153 Wis. 2d 493, 501, 451 N.W.2d 752 (1990).
¶6 WISCONSIN ADMIN. CODE § UWS 18.06(14), which we have quoted above, generally prohibits "camping" on university property, a term which it defines to "include the pitching of tents or the overnight use of ... blankets [or] makeshift shelters." Id. Bauer argues that the State failed to prove that she pitched a tent or engaged in other conduct prohibited by the rule. When a statute, ordinance or regulation defines a term as "including" an enumerated list of items, as opposed to stating that it "means" those items, the term is generally understood to be open-ended, encompassing not only the enumerated items but things of a similar nature. See, e.g., State v. Powers, 2004 WI App 156, ¶14, 276 Wis. 2d 107, 687 N.W.2d 50. We conclude that the State presented sufficient evidence to permit the circuit court to find that Bauer engaged in conduct prohibited by § UWS 18.06(14).
¶7 The circuit court noted that to find Bauer guilty, it needed "to determine whether or not there is clear and convincing evidence of an overnight stay involving the use of a blanket or a blanket and makeshift [shelter] or a makeshift shelter." The court found, under the circumstances testified to by the arresting officer, including the early morning hour and Bauer's statement that she had no permanent address, that "the inference of using that location for her overnight sleeping is very, very strong." As we have noted, the officer also testified that Bauer was found, deeply asleep, with a pillow and blanket on a fullyreclined seat. The officer had previously warned her that sleeping in her car at the location in question was not permitted, a warning Bauer acknowledged receiving. After viewing this evidence in the light most favorable to the State and the conviction, including the reasonable inferences arising from that evidence, we conclude that the trial court did not err in finding that Bauer violated WIS. ADMIN. CODE § UWS 18.06(14) by "camping," as defined in the rule, in an unauthorized location on university lands.
¶8 Bauer also argues that the trial court erroneously exercised its discretion by not waiving the court costs and surcharges imposed with her forfeiture. She attempts to rely on WIS. STAT. § 814.29(1) as authority for her contention that her indigent status entitled her to have these costs and charges waived. We reject Bauer's argument and conclude that the court lacked authority to waive the court costs and surcharges imposed, and thus, it did not err in refusing to do so.
¶9 WISCONSIN STAT. § 814.29(1) provides for the waiver of filing and related fees for indigent persons who seek to commence, defend or appeal actions "in any court." Thus, the statute protects the constitutional right of access to the courts, regardless of a person's indigence, but it says nothing about the imposition of court costs and surcharges when one is convicted of a forfeiture offense. The imposition of costs and surcharges upon conviction of an offense are addressed by other statutes that plainly require a court to impose these financial obligations regardless of a defendant's asserted inability to pay them.
¶10 The circuit court imposed a forfeiture of $20 for Bauer's violation. WISCONSIN STAT. § 814.63(1) provides that "[i]n all forfeiture actions in circuit court, the clerk of court shall collect a fee of $25 to be paid by the defendant when judgment is entered against the defendant" (emphasis added). Additionally, under WIS. STAT. § 814.75, certain surcharges "shall be imposed by the court, in addition to the fine or forfeiture and costs and fees imposed under this chapter" (emphasis added). Applicable to Bauer's conviction, were the following: (1) a "penalty surcharge" of 24%, see WIS. STAT. § 757.05(1); (2) a "jail surcharge" of $10, see WIS. STAT. § 302.46(1); (3) a "crime laboratories ... surcharge" of $7, see WIS. STAT. § 165.755(1); (4) a "justice information system surcharge" of $9, see WIS. STAT. § 814.86(1); and (5) a "court support services surcharge" of $68, see WIS. STAT. § 814.85(1). See § 814.75(2), (3), (14), (15) and (18); see also the "State of Wisconsin Revised Uniform ... UW Rule ... Violations Deposit Schedule" for 2005, at page 8.
¶11 Thus, Bauer's $20 forfeiture resulted in a total financial obligation imposed on her of $143.80, which she was given sixty days to pay. None of the statutes that direct the assessment of costs and surcharges applicable to Bauer's conviction grant the circuit court discretion to waive the costs or charges on the basis of a defendant's indigence. See, e.g., WIS. STAT. § 757.05(1) ("Whenever a court imposes a ... forfeiture for a violation of state law ... there shall be imposed in addition a penalty surcharge" (emphasis added)). Bauer's ability, or her lack thereof, to pay the forfeiture and costs will be relevant only if she fails to pay within the time allotted for her to do so, and the State seeks to enforce the judgment. See, e.g., WIS. STAT. §§ 778.09 (providing that, if a forfeiture judgment is not paid, a defendant may be "imprisoned in the county jail" for up to six months); 778.30(1) (providing that the amount unpaid may be docketed as a civil judgment and the court may impose a wage assignment to collect the forfeiture, costs and surcharges); Cf. WIS. STAT. § 800.095(4)(b) (providing that, before a municipal court may impose alternative sanctions for nonpayment of a forfeiture and costs, it must determine that the defendant's failure to pay "is not for good cause or because of defendant's indigence").

CONCLUSION
¶12 For the reasons stated above, we affirm the appealed judgment.
By the Court.  Judgment affirmed.
NOTES
[1] This appeal is decided by one judge pursuant to WIS. STAT.§ 752.31(2)(g) (2003-04). All references to the Wisconsin Statutes are to the 2003-04 version unless otherwise noted.
[2] The circuit court employed the "middle" burden of proof, which requires proof of the rule violation by "clear, satisfactory and convincing" evidence. See WIS JICRIMINAL 140.1. This burden applies in civil "forfeiture actions which involve or are closely associated with acts of a criminal nature." City of Milwaukee v. Wilson, 96 Wis. 2d 11, 21-22, 291 N.W.2d 452 (1980). The middle burden also applies to municipal ordinance violations "involving acts which are also made criminal by statute," id. at 22, and to all municipal ordinance violations tried in municipal court, see WIS. STAT. § 808.08(3). The supreme court has also said that the middle burden applies whenever an ordinance violation "involves an ordinance which has a statutory counterpart." Reinke v. Personnel Bd., 53 Wis. 2d 123, 137, 191 N.W.2d 833 (1971).

In the prosecution of a civil forfeiture offense not meeting the foregoing criteria, however, the plaintiff's burden of proof is the "ordinary" civil burden ("greater weight or clear preponderance of the evidence"). Id.; see Wilson, 96 Wis. 2d at 21. The Criminal Jury Instructions Committee has noted that "[a]pparently, an ordinance violation with no criminal counterpart, tried in circuit court, may require only the regular civil burden of proof," and that "[t]here appears to be no logical reason for this anomaly." Comment to WIS JICRIMINAL 140.1.
Bauer was prosecuted for violating an administrative rule prohibiting camping in unauthorized areas on university lands, which would not appear to be an act having criminal overtones or a statutory criminal counterpart. The board of regents' authority to enact rules "for the management of all property under its jurisdiction, for the care and preservation thereof and for the promotion and preservation of the orderly operation of the system ... with forfeitures for their violation" of up to $500, is granted under WIS. STAT. § 36.11(c). See WIS. ADMIN. CODE § UWS 18.07 (citing § 36.11(c) as authority for imposition of a forfeiture of up to $500 for violation of WIS. ADMIN. CODE § UWS 18.06). The State does not argue that the lower, "preponderance of the evidence" burden applies to the instant prosecution. Accordingly, we accept, without deciding, that the circuit court was correct in applying the middle burden of proof.