STATE of Wisconsin, Plaintiff-Respondent,

v.

Karin S. POELLINGER, Defendant-Appellant-Petitioner.

Supreme Court

*No. 88-1470-CR. Submitted on briefs November 1, 1989.—Decided February 28, 1990.*

(Also reported in 451 N.W.2d 752.)

For the defendant-appellant-petitioner the cause was submitted on the briefs of *Ruth S. Downs,* assistant state public defender.

For the plaintiff-respondent the cause was submitted on the briefs of *Thomas J. Balistreri,* assistant attorney general and *Donald J. Hanaway,* attorney general.

LOUIS J. CECI, J.   This case is before the court on petition for review of an unpublished decision of the court of appeals, dated January 19, 1989. The court of appeals affirmed a judgment of conviction entered by the La Crosse county circuit court, Peter G. Pappas, Circuit Judge, after a jury found the defendant, Karin S. Poellinger, guilty of possession of marijuana, contrary to sec. 161.41(3), Stats., and of possession of cocaine, contrary to sec. 161.41(3m), Stats. Two issues are presented for review. The first issue is whether the court of appeals correctly decided that the standard for reviewing the sufficiency of the evidence to support a conviction is the same in both circumstantial and direct evidence cases. We hold that the court of appeals correctly decided that the standard of review is the same. The second issue is whether the court of appeals correctly decided that there was sufficient evidence presented at trial to support the jury's finding, beyond a reasonable doubt, that the defendant knew that she possessed cocaine. We hold that the court of appeals correctly decided that the evidence was sufficient. We therefore affirm the decision of the court of appeals.

The facts of this case are undisputed. On January 8, 1988, at approximately 11:30 p.m., the defendant was traveling as a passenger in a pickup truck in La Crosse, Wisconsin. A police officer stopped the truck after he observed that its windows were frosted over and were not adequately scraped. As the officer approached the truck to advise the occupants of the reason for the stop, he noticed movement on the passenger side of the vehicle, and, upon reaching the truck, he smelled the odor of burned marijuana. The officer asked the defendant to produce the marijuana, but she denied that any marijuana had been smoked in the truck.

After obtaining the defendant's consent, the officer searched her purse. The purse contained a wooden lacquered case, a small glass vial, a carpet knife blade, and a woman's metal compact with two mirrors. The officer found a marijuana pipe and a substance which appeared to be marijuana inside the wooden lacquered case and recognized the glass vial as the type used to transport small amounts of cocaine. He also observed that the mirrors of the metal compact appeared to have been recently licked or wiped off wet, leaving a powdery residue. At that point, the officer placed the defendant under arrest for possession of marijuana and cocaine.

The contents of the defendant's purse were sent to the Wisconsin Department of Justice Crime Laboratory Bureau for substance analysis. The wooden lacquered case was found to contain .2 grams of marijuana, and the glass vial was found to contain residual amounts of cocaine in the threads holding the cap. Neither the compact nor the carpet knife blade contained any amount of a controlled substance.

The defendant testified at her trial that she was aware that the glass vial had contained cocaine at one time, but she thought that the vial was empty at the time

of her arrest. She testified that she had purchased the cocaine in the vial for her boyfriend's birthday on August 1, 1987, had used the cocaine with him, and had placed the vial in her purse. The arresting officer testified that the wooden lacquered case, the glass vial, the carpet knife blade, and the mirrors were consistent with items used by a person taking drugs. The officer was unwilling to give an opinion as to whether the defendant had recently used cocaine or whether she knew that there was cocaine in her purse. An analyst from the Wisconsin Department of Justice Crime Laboratory Bureau testified that when he removed the cap of the vial to test for a controlled substance, he observed a white powdery residue on the threads of the vial holding the cap.

A jury found the defendant guilty of possession of marijuana, contrary to sec. 161.41(3), Stats., and of possession of cocaine, contrary to sec. 161.41(3m), Stats.

The defendant appealed her conviction of possession of cocaine, arguing that under *Kabat v. State,* 76 Wis. 2d 224, 227, 251 N.W.2d 38 (1977), a defendant cannot be convicted of possession of a controlled substance unless the state proves not only that the defendant was in possession of a dangerous drug, but also that he or she knew or believed that he or she was. The defendant contended that the evidence presented at her trial to prove her knowledge of possession of the cocaine was insufficient to sustain her conviction. She also argued that because that evidence was entirely circumstantial, it had to exclude every reasonable hypothesis of innocence in order to be sufficient to prove guilt beyond a reasonable doubt. The defendant contended that her possession of an apparently empty bottle permitted a reasonable inference that she did not know that she pos-

sessed cocaine and was, therefore, insufficient to support her conviction.

The court of appeals stated that when a defendant challenges the sufficiency of the evidence to support a conviction, the standard of review is whether that evidence, viewed in the light most favorable to the state, is so insufficient in probative value and force that as a matter of law no reasonable jury could have found guilt beyond a reasonable doubt. The court observed that where, as here, the evidence in support of the conviction was entirely circumstantial,[1] the standard of review might differ because circumstantial evidence must be strong enough to exclude every reasonable hypothesis of the defendant's innocence. The court concluded, however, that that rule was not an appellate test and that the standard for reviewing the sufficiency of the evidence was the same in both direct and circumstantial evidence cases.

The court noted that the defendant's possession of an apparently empty vial permitted an inference that she did not know that she possessed cocaine. The court concluded, however, that the jury could reject testimony and reasonable inferences which support a reasonable hypothesis of innocence, and, therefore, the only question was whether there was a reasonable hypothesis of guilt. The court found that the jury, taking into account its knowledge in the affairs of life, could have reasonably concluded that it is a matter of common knowledge that unless one takes extraordinary measures to remove the contents of a bottle after all usable amounts are gone, some of those contents (whether peanut butter, salt,

---

[1]The court of appeals noted that the jury could have disbelieved the defendant's exculpatory testimony that she did not know that she possessed cocaine, and, therefore, the remaining evidence in support of the conviction was entirely circumstantial.

sand, or cocaine) will remain behind. The court held that this common knowledge, together with the defendant's admission that the vial once contained cocaine, was sufficient to establish that she knew that she possessed cocaine, albeit a very small amount.

The defendant petitioned this court for review of the decision of the court of appeals, which we granted.

The first issue on review concerns the standard which an appellate court must apply in reviewing the sufficiency of circumstantial evidence to support a criminal conviction. We hold that the standard for reviewing the sufficiency of the evidence to support a conviction is the same in either a direct or circumstantial evidence case. Under that standard, an appellate court may not reverse a conviction unless the evidence, viewed most favorably to the state and the conviction, is so insufficient in probative value and force that it can be said as a matter of law that no trier of fact, acting reasonably, could have found guilt beyond a reasonable doubt. We believe that this issue is before us today because of confusion concerning the oft-stated rule that circumstantial evidence must be strong enough to exclude every reasonable hypothesis of innocence. We therefore begin our analysis of the first issue presented in this case with a discussion of that rule in circumstantial evidence cases.

In order to overcome the presumption of innocence accorded a defendant in a criminal trial, the state bears the burden of proving each essential element of the crime charged beyond a reasonable doubt. *In re Winship,* 397 U.S. 358, 364 (1970). It is well established that a finding of guilt may rest upon evidence that is entirely circumstantial and that circumstantial evidence is oftentimes stronger and more satisfactory than direct evi-

dence. *See Clark v. State,* 62 Wis. 2d 194, 197, 214 N.W.2d 450 (1974). Regardless of whether the evidence presented at trial to prove guilt is direct or circumstantial, it must be sufficiently strong and convincing to exclude every reasonable hypothesis consistent with the defendant's innocence in order to meet the demanding standard of proof beyond a reasonable doubt. *Schwantes v. State,* 127 Wis. 160, 176, 106 N.W. 237 (1906).

When circumstantial evidence is used to prove guilt, the Wisconsin courts ordinarily[2] follow the practice of instructing the jury that it must acquit the defendant unless, after a careful consideration of all the evidence, that evidence cannot be reconciled to support any reasonable theory consistent with the innocence of the accused.[3] This instruction is not intended to reflect any special infirmity in the nature of circumstantial evidence but is intended to impress upon the jury the serious nature of its deliberations and decision and to emphasize the rule that an accused person is entitled to go free unless guilt is established beyond a reasonable doubt. *See id.*

---

[2]It has been held that the failure to give the circumstantial evidence instruction in the absence of a request is not error. *Spick v. State,* 140 Wis. 104, 111, 121 N.W. 664 (1909).

[3]We recognize that this instruction has been abandoned in the federal courts and in a number of state courts following *Holland v. United States,* 348 U.S. 121, 139–40 (1954), where it was held that when the jury is properly instructed on the standards for reasonable doubt, an additional instruction on circumstantial evidence is confusing and incorrect. The Wisconsin courts have never abandoned the practice of specially instructing the jury on circumstantial evidence when that instruction has been requested in a criminal case. The issue of whether this court might decide to abandon the circumstantial evidence instruction in light of *Holland* is not before us today, and we express no opinion on that issue in this case.

The rule that the evidence must exclude every reasonable hypothesis of innocence does not mean that if any of the evidence brought forth at trial suggests innocence, the jury cannot find the defendant guilty. The function of the jury is to decide which evidence is credible and which is not and how conflicts in the evidence are to be resolved. The jury can thus, within the bounds of reason, reject evidence and testimony suggestive of innocence. Accordingly, the rule that the evidence must exclude every reasonable hypothesis of innocence refers to the evidence which the jury believes and relies upon to support its verdict. *Peters v. State,* 70 Wis. 2d 22, 34, 233 N.W.2d 420 (1975).

Although the trier of fact must be convinced that the evidence presented at trial is sufficiently strong to exclude every reasonable hypothesis of the defendant's innocence in order to find guilt beyond a reasonable doubt, this court has stated that that rule is not the test on appeal. *See Johnson v. State,* 55 Wis. 2d 144, 148, 197 N.W.2d 760 (1972). The appellate standard of review of the sufficiency of evidence to support a conviction is the same whether the evidence presented at trial is direct or circumstantial. *State v. Marshall,* 92 Wis. 2d 101, 121, 284 N.W.2d 592 (1979); *State v. Koller,* 87 Wis. 2d 253, 266, 274 N.W.2d 651 (1979); *Krueger v. State,* 84 Wis. 2d 272, 283, 267 N.W.2d 602 (1978).

Under that standard, commonly referred to as the reasonable doubt standard of review:

"The burden of proof is upon the state to prove every essential element of the crime charged beyond reasonable doubt. The test is not whether this court or any of the members thereof are convinced [of the defendant's guilt] beyond reasonable doubt, but

whether this court can conclude the trier of facts could, acting reasonably, be so convinced by evidence it had a right to believe and accept as true . . .. The credibility of the witnesses and the weight of the evidence is for the trier of fact. In reviewing the evidence to challenge a finding of fact, we view the evidence in the light most favorable to the finding. Reasonable inferences drawn from the evidence can support a finding of fact and, if more than one reasonable inference can be drawn from the evidence, the inference which supports the finding is the one that must be adopted . . ..'

*Johnson,* 55 Wis. 2d at 147, quoting *Bautista v. State,* 53 Wis. 2d 218, 223, 191 N.W.2d 725 (1971).[4]

In circumstantial evidence cases, this court has often failed to maintain the appropriate distinction between the applicability of the hypothesis of innocence rule at the trial court level and the applicability of the reasonable doubt standard of review on appeal. We have recognized that the elimination of hypotheses of innocence is the process by which the trier of fact reaches a determination of guilt beyond a reasonable doubt, and we have mistakenly stated that a conviction based on circumstantial evidence may be sustained on appeal or review if the evidence is sufficiently strong to exclude every reasonable theory of innocence.[5] We have likewise

---

[4]For additional cases which correctly state and apply the reasonable doubt standard of review in circumstantial evidence cases, *see State v. Toliver,* 104 Wis. 2d 289, 292-93, 311 N.W.2d 591 (1981); *Struzik v. State,* 90 Wis. 2d 357, 364, 279 N.W.2d 922 (1979); *Murphy v. State,* 75 Wis. 2d 522, 526-27, 249 N.W.2d 779 (1977); *State v. Zdiarstek,* 53 Wis. 2d 776, 784-85, 193 N.W.2d 833 (1972); *Harris v. State,* 29 Wis. 2d 479, 488, 138 N.W.2d 745 (1966).

[5]*See, e.g., State v. Stanfield,* 105 Wis. 2d 553, 564, 314 N.W.2d 339 (1982); *State v. Lund,* 99 Wis. 2d 152, 161, 298

mistakenly stated that when a conviction is based on circumstantial evidence, an appellate court must uphold the conviction if a reasonable trier of fact could be convinced that the evidence is strong enough to exclude to a moral certainty every reasonable hypothesis of innocence. *State v. Wyss,* 124 Wis. 2d 681, 687–88, 691, 694, 370 N.W.2d 745 (1985). *See also Peters,* 70 Wis. 2d at 34 n. 14.

The defendant relies on prior decisions of this court to support her argument that the hypothesis of innocence rule is in fact relevant in reviewing the sufficiency of circumstantial evidence to support a conviction. She argues that when a conviction is based solely on circumstantial evidence, an appellate court must reverse the conviction if the evidence, viewed in the light most favorable to the state, supports any reasonable theory of the defendant's innocence. The defendant maintains that this court must reverse her conviction for possession of cocaine because the circumstantial evidence in support of that conviction supports an equally reasonable theory that she did not know that she possessed cocaine. We disagree.

The defendant is, in essence, asking this court to sit as a judge or jury making findings of fact and to apply

N.W.2d 533 (1980); *Frankovis v. State,* 94 Wis. 2d 141, 148, 287 N.W.2d 791 (1980); *State v. Bowden,* 93 Wis. 2d 574, 587–88, 288 N.W.2d 139 (1980); *Austin v. State,* 86 Wis. 2d 213, 220, 271 N.W.2d 668 (1978); *Stewart v. State,* 83 Wis. 2d 185, 192, 265 N.W.2d 489 (1978); *Taylor v. State,* 74 Wis. 2d 255, 265, 246 N.W.2d 516 (1976); *Garcia v. State,* 73 Wis. 2d 174, 182, 242 N.W.2d 919 (1976); *State ex rel. Hussong v. Froelich,* 62 Wis. 2d 577, 586, 215 N.W.2d 390 (1974); *State v. Christel,* 61 Wis. 2d 143, 158–59, 211 N.W.2d 801 (1973); *State v. Shaw,* 58 Wis. 2d 25, 29, 205 N.W.2d 132 (1973); *State v. Smith,* 36 Wis. 2d 584, 591, 153 N.W.2d 538 (1967).

the hypothesis of innocence rule *de novo* to the evidence presented at her trial to determine if, in our view, the hypothesis that she did not know that she possessed cocaine is sufficiently reasonable to warrant reversal of her conviction. It is not the role of an appellate court to do that. To the extent that prior decisions of this court[6] have suggested that the hypothesis of innocence rule is in any way applicable in reviewing the sufficiency of the evidence to support a conviction, we disapprove of those decisions and take the opportunity presented in this case to clearly state that it is not.

When an appellate court independently reviews the evidence presented at trial to determine whether, in its view, there are reasonable theories consistent with the defendant's innocence, it replaces the trier of fact's over-all evaluation of the evidence with its own. A theory of innocence which appears to be reasonable to an appellate court on review of the record may have been rejected as unreasonable by the trier of fact in view of the evidence and testimony presented at trial. It is the function of the trier of fact, and not of an appellate court, to fairly resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *See Jackson v. Virginia,* 443 U.S. 307, 319 (1979).

In viewing evidence which could support contrary inferences, the trier of fact is free to choose among conflicting inferences of the evidence and may, *within the bounds of reason,* reject that inference which is consistent with the innocence of the accused. *See Peters,* 70 Wis. 2d at 34. Thus, when faced with a record of histori-

---

[6]*See supra* n. 5 and *Wyss,* 124 Wis. 2d at 687–88, 691, 694.

cal facts which supports more than one inference, an appellate court must accept and follow the inference drawn by the trier of fact unless the evidence on which that inference is based is incredible as a matter of law. *See Jackson*, 443 U.S. at 326; *State v. Wilson*, 149 Wis. 2d 878, 894, 440 N.W.2d 534 (1989).

Accordingly, we hold that, in reviewing the sufficiency of the evidence to support a conviction, an appellate court may not substitute its judgment for that of the trier of fact unless the evidence, viewed most favorably to the state and the conviction, is so lacking in probative value and force that no trier of fact, acting reasonably, could have found guilt beyond a reasonable doubt. *See Wilson*, 149 Wis. 2d at 894. If any possibility exists that the trier of fact could have drawn the appropriate inferences from the evidence adduced at trial to find the requisite guilt, an appellate court may not overturn a verdict even if it believes that the trier of fact should not have found guilt based on the evidence before it. *Id.*

We recognize that the confusion concerning the appropriate standard of review in circumstantial evidence cases has its origin in prior decisions of this court. To the extent that those decisions have suggested that the standard of review in circumstantial evidence cases is less deferential than that employed in a direct evidence case, we clarify today that it is not. We hold that once the jury has been properly instructed on the principles it must apply to find the defendant guilty beyond a reasonable doubt, a court must assume on appeal that the jury has abided by those instructions. In reviewing the sufficiency of circumstantial evidence to support a conviction, an appellate court need not concern itself in any way with evidence which might support other theo-

ries of the crime. An appellate court need only decide whether the theory of guilt accepted by the trier of fact is supported by sufficient evidence to sustain the verdict rendered.

The second issue on review is whether the evidence presented at trial was sufficient to support the defendant's conviction for possession of cocaine. In this state, no minimum quantity of a controlled substance is necessary to sustain a conviction for possession. *Peasley v. State,* 83 Wis. 2d 224, 231, 265 N.W.2d 506 (1978). However, to convict an individual of possession of a controlled substance, the state must prove not only that the defendant was in possession of a dangerous drug but also that the defendant knew or believed that he or she was. *Kabat,* 76 Wis. 2d at 227. The defendant does not dispute the fact that she was found in possession of cocaine. She argues instead that the circumstantial evidence presented at trial to prove that she knew or believed that she possessed cocaine at the time of her arrest was insufficient to sustain her conviction. We disagree.

The defendant testified at her trial that the vial found in her purse had contained cocaine at one time. She testified that she had purchased the cocaine in the vial for her boyfriend's birthday on August 1, 1987, had used the cocaine with him, and had placed the vial in her purse. An analyst from the Wisconsin Department of Justice Crime Laboratory Bureau testified that when he removed the cap of the vial to test for a controlled substance, he observed a residue of white powder on the threads of the vial holding the cap.

In weighing the evidence presented at trial, the jury could take into account matters of common knowledge and experience in the affairs of life. *State v. Lossman,*

118 Wis. 2d 526, 544, 348 N.W.2d 159 (1984). The jury could conclude, on the basis of its experience in the affairs of life, that people usually look at a bottle when replacing its cap to obtain the proper alignment between the cap and the top of the bottle. The jury could reasonably infer that the defendant looked at the vial when replacing its cap, saw the white powder residue on the threads holding the cap, and, therefore, knew that there was cocaine residue on the vial at the time of her arrest. Alternatively, the jury could conclude that unless one takes extraordinary measures to remove the contents of a bottle after all usable amounts are gone, some of those contents will remain behind. On the basis of this common knowledge, together with the defendant's admission that she knew that the vial contained cocaine at one time, the jury could reasonably infer that the defendant knew that the vial contained residual amounts of cocaine at the time of her arrest.

We cannot conclude that the evidence in support of the defendant's conviction is so lacking in probative value and force that it can be said as a matter of law that no reasonable trier of fact could have drawn the inference that the defendant knew that she possessed cocaine. Accordingly, we hold that this evidence was sufficient to permit the jury, acting reasonably, to find the defendant guilty of possession of cocaine beyond a reasonable doubt.

*By the Court.*—The decision of the court of appeals is affirmed.