State of Wisconsin, Plaintiff-Respondent,
v.
Miguel F. Hirecheta, Defendant-Appellant.
No. 03-2085-CR.
Court of Appeals of Wisconsin.
Opinion Filed: August 12, 2004.
Before Deininger, P.J., Dykman and Higginbotham, JJ.
¶1. PER CURIAM.
Miguel Hirecheta appeals a judgment convicting him of two counts of attempted first-degree intentional homicide. He claims the evidence was insufficient to support the verdicts. We disagree and affirm.
¶2. When reviewing the sufficiency of the evidence to sustain a verdict, we view the evidence in the light most favorable to the verdict. Wis. Stat. § 805.14(1) (2001-02);[1]State v. Johannes, 229 Wis. 2d 215, 221-22, 598 N.W.2d 299 (Ct. App. 1999). We will sustain a verdict that is supported by any credible evidence, even if we might consider contradictory evidence to be more persuasive, leaving the credibility of the witness and drawing of inferences to the jury. State v. Poellinger, 153 Wis. 2d 493, 503-04, 451 N.W.2d 752 (1990).
¶3. Here, Hirecheta does not dispute that he got into an altercation with two deputies while he was confined at the Milwaukee County Criminal Justice Facility. He contends the evidence did not show that he had an actual intent to kill the deputies or that he took any actions which would have killed either of the deputies absent intervening circumstances. See State v. Cartagena, 99 Wis. 2d 657, 665, 299 N.W.2d 872 (1981) ("Conviction of attempted first-degree murder requires proof of two elements: (1) A specific intent to take the life of another human being; and (2) An unequivocal act which, except for the intervention of some extraneous factor, would have resulted in the death of that individual.").
¶4. There was, however, testimony that Hirecheta bolted out of his cell in an intake unit, assumed a fighting stance on the upper mezzanine level and told the two deputies on duty, Michael Feinberg and Bryant Kerr, that "I'm facing 100 plus fucking years, I'm gonna kill myself a couple of fuckin' deputies today," in a "serious" and "intense" voice. When Kerr approached Hirecheta, Hirecheta drove the deputy back toward the railing. Feinberg then joined in the physical altercation, and the two deputies spent about six minutes attempting to subdue Hirecheta before reinforcements arrived. Throughout the altercation, Hirecheta kept trying to work the deputies over to the railing, and at one point he got Kerr in a bear hug, lifted him about a foot off the ground, and was muscling him over the railing before Feinberg pulled Hirecheta to the ground. Hirecheta then got his hands around Feinberg's throat, and continued squeezing until the deputy nearly lost consciousness, even while Kerr was striking Hirecheta and trying to pull him off Feinberg. It ultimately took another six deputies to pull Hirecheta off of Feinberg.
¶5. We are satisfied that a jury could properly find beyond a reasonable doubt based on Hirecheta's actions and statements that he had formed an intent to kill the deputies, and that he unequivocally demonstrated that intent by trying to throw Kerr over the mezzanine (which the evidence showed he would have done without the intervention of Feinberg) and by trying to choke Feinberg to death (which the evidence showed he would have done without the intervention of Kerr and the additional deputies.) Simply put, although the jury was properly instructed to acquit if it found competing inferences on the elements of the crime could reasonably have been drawn, the jury was not required to find that the inferences advanced by the defense were reasonable.[2]
By the Court.  Judgment affirmed.
NOTES
[1] All references to the Wisconsin Statutes are to the 2001-02 version unless otherwise noted.
[2] We note that the trial court gave jurors instructions on two lesser included offenses, first- and second-degree recklessly endangering safety. This does not mean, however, that the evidence did not provide reasonable grounds to convict Hirecheta of the most serious offense. See Hawthorne v. State, 99 Wis. 2d 673, 683, 299 N.W.2d 866 (1981).