State of Wisconsin, Plaintiff-Respondent,
v.
Robert A. Schweiner, Defendant-Appellant.
No. 04-1296-CR.
Court of Appeals of Wisconsin.
Opinion Filed: March 30, 2005.
Before Brown, Nettesheim and Snyder, JJ.
¶1 PER CURIAM.
Robert A. Schweiner appeals from a judgment of conviction for repeated sexual assault of the same child and from an order denying his postconviction motion for sentence modification. He challenges the sufficiency of the evidence and the exercise of sentencing discretion. We affirm the judgment and order.
¶2 Schweiner was charged with sexual assaults committed in July and August 2002 against thirteen-year-old Danielle D.[1] Schweiner was a friend of Danielle's mother. On several occasions he drove Danielle and her friends to a quarry in Waukesha county to swim. Danielle testified that on one visit to the quarry, Schweiner removed her swimsuit bottom and inserted two fingers into her vagina. Schweiner would repeatedly launch Danielle and her friends into the water. Danielle indicated that Schweiner would touch her buttocks or vagina as he tossed her into the water. Danielle also testified that one time at his apartment Schweiner asked Danielle to touch his erect penis with her hand and masturbate him.
¶3 We may not reverse a conviction on the basis of insufficient evidence "unless the evidence, viewed most favorably to the state and the conviction, is so insufficient in probative value and force that it can be said as a matter of law that no trier of fact, acting reasonably, could have found guilt beyond a reasonable doubt." State v. Poellinger, 153 Wis. 2d 493, 501, 451 N.W.2d 752 (1990). We must accept the reasonable inferences drawn from the evidence by the jury. Id. at 506-07.
¶4 Schweiner argues that the State failed to prove that three or more sexual assaults took place because there was no evidence that the touching of Danielle's buttocks while tossing her into the water was for the purpose of sexual gratification.[2] Intent may be inferred from the conduct and general circumstances of the case. See State v. Drusch, 139 Wis. 2d 312, 326, 407 N.W.2d 328 (Ct. App. 1987).
¶5 Standing alone evidence of horseplay in the water may not permit an inference that certain contact was for the purpose of sexual gratification. Here, however, Danielle testified that Schweiner's contact in tossing her into the water was different from that she had experienced when her father or uncles launched her into the water in a similar manner. She believed Schweiner was "feeling up" her buttocks and rubbing near her vagina. There was also evidence that Schweiner used a different method to toss Danielle's friends into the water. Mark H. testified that to toss him into the water Schweiner would take his arms and throw him or have Mark step into his cupped hand and launch him by his feet. Hannah S. also indicated that the only method Schweiner used to launch her into the water was to do so by her feet. Both Hannah and Mark noticed that Schweiner used a different method when tossing Danielle by placing his hand under her buttocks. Since Schweiner could have used a more benign method of tossing Danielle into the water, the jury could conclude that by using a method that allowed him contact with Danielle's buttocks, Schweiner was touching Danielle for the purpose of sexual gratification.
¶6 Further putting Schweiner's contact with Danielle into a sexual context was evidence that Schweiner had exposed his penis to Danielle and her friends on several occasions while driving to or while at the quarry. At a McDonald's restaurant after a visit to the quarry, Schweiner made a gesture simulating oral sex and said he liked "eating girls out." He also masturbated in front of the children when he had them as a captive audience in his car. The jury could find that by a course of conduct Schweiner was targeting Danielle for sexual gratification. The evidence was sufficient to support the conviction for three or more assaults of the same child.
¶7 Schweiner was sentenced to twenty years' initial confinement and twenty years' extended supervision. He characterizes the sentence as "life imprisonment with no possibility of an extended supervision eligibility date"[3] and argues that the trial court erroneously exercised its discretion in imposing an unduly harsh sentence. Sentencing is left to the discretion of the trial court and appellate review is limited to determining whether there was an erroneous exercise of discretion. State v. Gallion, 2004 WI 42, ¶17, 270 Wis. 2d 535, 678 N.W.2d 197. When the proper exercise of discretion has been demonstrated at sentencing, appellate courts have a strong policy against interference with that discretion and the sentencing court is presumed to have acted reasonably. Id., ¶18.
¶8 An erroneous exercise of discretion occurs when a sentence is based on irrelevant or improper factors. Id., ¶17. In addition, a trial court must specify the objectives of the sentence on the record, which include, but are not limited to, the protection of the community, punishment of the defendant, rehabilitation of the defendant, and deterrence of others. Id., ¶40. It must identify the general objectives of greatest importance, which may vary from case to case. Id., ¶41. Similarly, it must identify the factors that were considered in arriving at the sentence and indicate how those factors fit the objectives and influence the sentencing decision. Id., ¶43.
¶9 Schweiner acknowledges that the trial court considered the seriousness of the offense, Schweiner's character, and the need to protect the public. The court found that the offense was not violent or aggravated but that there was a very strong need to protect the public. It rejected the State's request that the maximum sentence be imposed, noting that the term imposed would be sufficient to impress upon Schweiner that he should not consider approaching an underage person again. Although the court remarked on the positive aspect of Schweiner's good employment record, Schweiner argues that the trial court failed to fully consider his character, particularly that for a very lengthy period of time Schweiner did not have any contact with law enforcement. We cannot conclude that the failure to mention that one factor equates to an erroneous exercise of discretion. That is particularly true here where the court specifically addressed Schweiner's past record, which included a misdemeanor conviction for exposing himself to a six-year-old child and his failure to complete a deferred prosecution and supervision agreement. The court also noted as a positive factor that unlike many child molesters, Schweiner had maintained adult-type relationships. Yet the court could not ignore that Schweiner preyed on young people. We conclude the court adequately discussed the facts and factors relevant to sentencing and properly exercised its discretion.
By the Court.  Judgment and order affirmed.
NOTES
[1] Danielle's fourteenth birthday was July 20, 2002.
[2] Schweiner makes an undeveloped argument that the testimony does not support that the incident in which Schweiner removed Danielle's bikini bottom occurred. Danielle's testimony is sufficient to support a jury finding that it happened as she said. Additionally, her friend Mark H. testified that he retrieved and returned to Danielle her bikini bottom on one occasion. Danielle's mother also testified that Schweiner admitted to her that he had removed Danielle's bikini bottom. We reject the undeveloped and meritless argument.
[3] This characterization is not explained and is inaccurate.