State of Wisconsin, Plaintiff-Respondent,
v.
Stacey R. Piper, Defendant-Appellant.
No. 2005AP337-CR.
Court of Appeals of Wisconsin, District IV.
May 25, 2006.
Before Dykman, Vergeront and Deininger, JJ.
¶1 PER CURIAM.
Stacey Piper appeals a judgment convicting her of homicide by intoxicated use of a motor vehicle in the death of Charlotte Manning. Piper argues that there is insufficient evidence to sustain the conviction. We affirm.
¶2 When a defendant challenges the sufficiency of the evidence to support a conviction, we must determine "whether [the] evidence, viewed in the light most favorable to the [S]tate, is so insufficient in probative value and force that as a matter of law no reasonable jury could have found guilt beyond a reasonable doubt." State v. Poellinger, 153 Wis. 2d 493, 500, 451 N.W.2d 752 (1990). We "need not concern [ourselves] in any way with evidence which might support other theories of the crime." Id. at 507-08. We "need only decide whether the theory of guilt accepted by the trier of fact is supported by sufficient evidence to sustain the verdict rendered." Id.
¶3 Piper was convicted of homicide by intoxicated use of a motor vehicle in violation of WIS. STAT. § 940.09(1)(a) (2003-04).[1] That statute defines as criminal "[a]ny person who ...[c]auses the death of another by the operation or handling of a vehicle while under the influence of an intoxicant." The elements of the crime are: (1) the defendant caused the death of another person; (2) the defendant was operating a motor vehicle; and (3) the defendant was intoxicated. See id. While the statute "does not include as an element of the crime a direct causal connection between the fact of defendant's intoxication ... and the victim's death," State v. Caibaiosai, 122 Wis. 2d 587, 594, 363 N.W.2d 574 (1985), the statute provides an affirmative defense: "[T]he defendant has a defense if he or she proves by a preponderance of the evidence that the death would have occurred even if he or she had been exercising due care and he or she had not been under the influence of an intoxicant...." WIS. STAT. § 940.09(2)(a).
¶4 The dispositive issue is whether the evidence would allow a reasonable jury to conclude that Piper had not proved by a preponderance of the evidence her affirmative defense that the accident would have occurred regardless of her intoxication.[2] Piper argued that the accident occurred because Manning was driving in the wrong lane. Although Piper presented evidence at trial to support this theory, the State presented evidence that contradicted it. The victim's husband, Timothy Manning, testified that Piper's car was in his lane when the crash occurred. The State's expert on accident reconstruction, State Trooper Arden Asp, testified that the collision occurred because Piper was driving in the wrong lane. Piper challenges Trooper Asp's testimony because he incorrectly assumed that Piper's car did not have anti-lock brakes when he reconstructed the accident. However, Trooper Asp later testified that his mistaken assumption did not undermine his conclusion because there was other physical evidence, like the fluid spray patterns, abrasions on the vehicle, and the striations on the highway that supported the conclusion that Piper was in the wrong lane.
¶5 In sum, there was sufficient evidence to support a reasonable jury's conclusion that the accident occurred because Piper was in the wrong lane, thus defeating Piper's affirmative defense that the accident would have occurred regardless of her intoxication. Accordingly, we affirm the judgment of conviction.
By the Court.  Judgment affirmed.
NOTES
[1] All references to the Wisconsin Statutes are to the 2003-04 version unless otherwise noted.
[2] Piper conceded that she was driving when her car crashed into the victim's car and that she was intoxicated. The statute does not require a direct causal connection between the fact of the defendant's intoxication and the deathit requires only that the death was caused by the fact that the defendant was driving the car. See State v. Caibaiosai, 122 Wis. 2d 587, 594, 363 N.W.2d 574 (1985). Therefore, the State proved all elements of the crime, and the issue is whether there was sufficient evidence for the jury to reject Piper's affirmative defense.