PER CURIAM.
¶1 Carrie Donahue appeals from judgments[1] convicting her of being party to the crime of causing mental harm to a child, false imprisonment, child abuse and child neglect. She also appeals from a circuit court order[2] denying her motion for a new trial due to ineffective assistance of trial counsel. We agree with the circuit court that Donahue's trial counsel represented her effectively, and the evidence was sufficient to convict her of child abuse. We affirm.
¶2 Alleging ineffective assistance of trial counsel, Donahue sought a new trial on two grounds: trial counsel should have requested a jury unanimity instruction in relation to the factual basis for count three, child abuse (intentionally causing harm), and trial counsel should have objected to rebuttal testimony offered by the State in response to codefendant Michael Donahue's testimony. After an evidentiary hearing, the circuit court concluded that trial counsel rendered effective assistance in both respects. Donahue appeals.
¶3 To succeed on an ineffective assistance of counsel claim, a defendant must demonstrate that counsel's representation was deficient and that the deficiency was prejudicial. State v. Jeannie M.P. , 2005 WI App 183, ¶6, 286 Wis. 2d 721, 703 N.W.2d 694. Both deficient performance and prejudice present mixed questions of fact and law. Id. We will uphold the circuit court's factual findings unless they are clearly erroneous. Id. However, we review de novo whether counsel's performance was deficient or prejudicial. Id. We need not address both prongs of the ineffective assistance analysis if the defendant fails to meet his or her burden of proof on either prong. See State v. Moats , 156 Wis. 2d 74, 101, 457 N.W.2d 299 (1990).
Jury unanimity
¶4 While a defendant is entitled to jury unanimity, a defendant alleging ineffective assistance of trial counsel in relation to jury unanimity must still meet his or her "burden to show that, because of counsel's unprofessional errors, the verdict is unreliable." State v. Van Buren , 2008 WI App 26, ¶22, 307 Wis. 2d 447, 746 N.W.2d 545. In other words, Donahue had to show a " 'reasonable probability' that the lack of a specific unanimity instruction resulted in a nonunanimous jury verdict" on count three, child abuse. See id. (citation omitted).
¶5 We recite only the facts necessary to our decision on this issue. The jury unanimity issue relates to count three, child abuse. The jury heard evidence that on October 28, 2013, Donahue slapped the child in the mouth and split the child's lip. The State and Donahue both stated during closing argument that the split lip incident formed the factual basis for Donahue's child abuse charge. The jury was generally instructed that all jurors had to agree on the verdict.
¶6 During deliberations, the jury asked the circuit court several questions relating to count three. The jury first asked which conduct constituted the basis for count three; the court explained that as to Donahue, the factual basis was slapping the child's mouth and splitting the child's lip.[3] Next, the jury asked whether it could consider "other factual incidents" with respect to count three. The court asked the jury to clarify what it meant by "other factual incidents." The jury then asked if it could "use evidence other than the slapping of the mouth ... of this child that we define as physical abuse of a child to determine innocence or guilt of Count 3?" The parties and the circuit court agreed that the circuit court could not answer this question and referred the jury to the jury instructions. Finally, the jury asked, "Can we use all evidence presented during the trial to determine guilt or innocence of count 3 physical abuse of a child by Carrie Donahue?" The circuit court and the parties agreed that the circuit court could not answer this question. The jury convicted Donahue of all counts against her except disorderly conduct.
¶7 Postconviction, Donahue argued that the jury's questions about count three should have prompted her trial counsel to request an additional jury instruction, a unanimity instruction. The circuit court found that the jury was clearly informed which incident formed the factual basis for count three (slapping the child's mouth and splitting the child's lip). The court concluded that a unanimity instruction would have been unnecessary. Therefore, trial counsel did not perform deficiently by failing to request such an instruction.
¶8 Donahue's ineffective assistance of counsel claim is premised on concerns that the jury either did not agree or did not know that it had to agree on the conduct underlying count three. The record does not support the premise. The jury was generally instructed that all jurors had to agree on the verdict. The jury had before it numerous sources of information that made it quite clear that the count three child abuse charge arose from Carrie Donahue's conduct on October 28, 2013, when she slapped the child in the mouth and split the child's lip. The circuit court read the Information to the jury. Count three of the Information alleges October 28, 2013, as the offense date and alleges the same crime and conduct date as alleged in the complaint (on October 28, 2013, Donahue slapped the child in the mouth and split the child's lip). The verdict form for count three states that Donahue was "[g]uilty of physical abuse of a child as alleged in count three of the Information." During closing arguments, both the State and Donahue stated that the split lip incident formed the factual basis for count three. Finally and most importantly, during deliberations, the jury specifically asked the circuit court which conduct constituted the basis for count three, and the court explained that, as to Donahue, the factual basis was slapping the child's mouth and splitting the child's lip. We presume the jury followed this direction from the circuit court. State v. Abbott Labs. , 2012 WI 62, ¶103, 341 Wis. 2d 510, 816 N.W.2d 145.[4]
¶9 Based on this record, there is no reasonable probability that the absence of a specific unanimity instruction for count three resulted in a nonunanimous verdict on count three. See Van Buren , 307 Wis. 2d 447, ¶22. Donahue did not show that her trial counsel's performance prejudiced her. See Jeannie M.P. , 286 Wis. 2d 721, ¶6.
Failure to object to rebuttal testimony
¶10 During trial, an issue arose relating to the condition of the door handle on bedrooms used by the child victim. Trial counsel's failure to object to the rebuttal testimony admitted on this issue became a basis for Donahue's postconviction ineffective assistance of counsel claim.
¶11 During the State's case, witnesses testified that the Donahues kept the child in a bedroom whose locking mechanism was installed with the key lock inside the door (the child did not have a key) and the twist unlocking mechanism on the outside of the door. At the time law enforcement officers executed a search warrant at the Donahues' Summer Street residence, the child's bedroom door did not have a doorknob and locking mechanism. A defense witness testified that at a prior Donahue residence on Clover Road, the child's bedroom door had a traditional key mechanism on the outside of the door and a traditional twist lock on the inside of the door so the child could open the door from inside the room. Michael Donahue and others testified that at both residences, the doorknob and lock on the child's bedroom door were traditionally installed so that the child could have opened the bedroom door.
¶12 The State offered rebuttal testimony from a contractor to counter and impeach defense testimony about the bedroom door lock, particularly the bedroom door lock on Clover Road. The contractor testified that the Donahues vacated the Clover Road residence in early 2013. Between the time the Donahues vacated Clover Road and August 2013 when a new owner took possession of the property, a bank owned the residence. The contractor testified that it was usual for a property to be vacant during bank ownership.[5] The contractor was retained by the new owner to work at Clover Road. The contractor testified that when he worked at Clover Road he found the lock on a child's[6] bedroom door installed with the key mechanism on the inside, which was not a normal installation, the lock was functional, and no other room in the residence had a lock installed in this fashion. In addition, the child's bedroom reeked of urine, had feces smeared on a wall, and the window had been screwed shut.[7]
¶13 Postconviction, Donahue argued that her trial counsel was ineffective for failing to object to the contractor's rebuttal testimony. The circuit court concluded that the contractor's testimony was relevant and met the standards for rebuttal evidence. Therefore, any objection by trial counsel would not have been successful, and trial counsel did not provide ineffective assistance. Donahue challenges this ruling on appeal.
¶14 Rebuttal evidence is admissible if it "is intended to meet new facts put in evidence by the defendant in his case" and includes evidence contradicting the relevant testimony of a defense witness. Neely v. State , 86 Wis. 2d 304, 313, 272 N.W.2d 381 (Ct. App. 1978), aff'd , 97 Wis. 2d 38, 292 N.W.2d 859 (1980). Rebuttal evidence can be relevant if the rebuttal evidence has a "tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." WIS. STAT. § 904.01 (2017-18).[8]
¶15 Donahue argues that the contractor's testimony was not relevant. We disagree. The contractor's testimony countered and impeached the testimony of Michael Donahue and others that the locks on the child's bedroom doors were installed in a conventional manner. In addition, there was extensive testimony about how Carrie Donahue and Michael Donahue victimized the child, imprisoned the child in a bedroom, deprived the child of opportunities to use the toilet, and neglected and abused the child. The contractor's testimony described the condition of a child's bedroom at Clover Road and was consistent with other evidence about the condition of the child's bedroom on Summer Street. The condition of the child's bedroom at the Clover Road residence shed light on the conditions in the Summer Street home and the child's treatment in both residences.
¶16 The contractor's testimony contradicted relevant defense testimony and was therefore admissible rebuttal evidence. Neely , 86 Wis. 2d at 313. An objection to rebuttal testimony would not have been successful. Therefore, Donahue was not prejudiced by trial counsel's failure to object. See State v. Simpson , 185 Wis. 2d 772, 784, 519 N.W.2d 662 (Ct. App. 1994) (counsel cannot be faulted for failing to bring a motion that would have failed).
Sufficiency of the Evidence
¶17 Donahue argues that the evidence was insufficient to convict her of count three, physically abusing a child contrary to WIS. STAT. § 948.03(2)(b) (2013-14). The charge arose from conduct on October 28, 2013, and the jury was instructed that the factual basis for the charge was Donahue slapping the child's mouth and splitting the child's lip. The basis for Donahue's appellate challenge to the sufficiency of the evidence is the contradictory evidence before the jury as to whether the child had a lip injury at the end of October 2013.
¶18 The State must prove each essential element of the crime beyond a reasonable doubt. State v. Poellinger , 153 Wis. 2d 493, 501, 451 N.W.2d 752 (1990). We "need only decide whether the theory of guilt accepted by the trier of fact is supported by sufficient evidence." Id. at 508. We
may not reverse a conviction unless the evidence, viewed most favorably to the state and the conviction, is so insufficient in probative value and force that it can be said as a matter of law that no trier of fact, acting reasonably, could have found guilt beyond a reasonable doubt.
Id. at 501. It is the function of the jury, not the appellate court, to weigh and resolve conflicts in the evidence and to draw reasonable inferences from the evidence. Id. at 506. If any possibility exists that the jury could have drawn the appropriate inferences from the evidence at trial to find Donahue guilty, we may not overturn the verdict. See id. at 507.
¶19 At trial, the State presented evidence that Donahue hit the child. On October 29, 2013, a child protective services social worker saw the child in a hospital emergency room. The child had a fully split, swollen lip. In a forensic interview, the child stated that Donahue slapped the child in the mouth and made the child's lips bleed. In contrast, a physician who examined the child on October 30, 2013, testified that he did not observe a lip injury and would have noted the injury in his notes had he observed it.
¶20 It was for the jury to assess the credibility of the witnesses and resolve conflicts in their testimony. Id. at 506. Because the record contains evidence that Donahue slapped the child in the mouth and split the child's lip, the evidence was sufficient to convict Donahue of physical abuse of a child.
By the Court. -Judgments and order affirmed.
This opinion will not be published. See WIS. STAT. RULE 809.23(1)(b)5.

The judgments of conviction were entered by the Honorable David M. Reddy.

The order denying postconviction relief was entered by the Honorable Kristine E. Drettwan.

In response to the jury, the circuit court also identified the incident that constituted the factual basis for the child abuse charge against Donahue's codefendant, Michael Donahue (boxing the child's ears).

The jury also heard evidence that Donahue put hot sauce in the child's eye. Donahue suggests that this evidence may have been considered by the jury in arriving at its verdict on count three. However, as stated, the jury was informed of the factual basis for count three (the split lip), and Donahue has not demonstrated that the jury was unable to understand or follow that direction.

This testimony permitted a reasonable inference that the Clover Road residence was vacant after the Donahues left and before the new owner purchased the property.

The contractor testified that the bed and clothes left in the room indicated the room had been used by a child.

In his testimony, Michael Donahue denied that the window in the child's bedroom at either Clover Road or Summer Street was nailed shut.

All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.