**COURT OF APPEALS**
**DECISION**
**DATED AND FILED**

**January 28, 2021**

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2019AP2339-CR**

**STATE OF WISCONSIN**

Cir. Ct. No. 2019CM30

**IN COURT OF APPEALS**
**DISTRICT IV**

STATE OF WISCONSIN,

PLAINTIFF-RESPONDENT,

V.

SAMUEL MARTIN POLHAMUS,

DEFENDANT-APPELLANT.

APPEAL from a judgment and an order of the circuit court for Monroe County: RICHARD A. RADCLIFFE, Judge. *Affirmed*.

¶1 KLOPPENBURG, J.[1] Samuel Polhamus was convicted, after a jury trial, of disorderly conduct. Acting pro se, he appeals, arguing that videotaping a

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(f) (2017-18). All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise stated.

person with a cell phone does not constitute disorderly conduct, and that the evidence was insufficient to support the conviction. I reject his arguments and affirm.

## BACKGROUND

¶2 The State charged Polhamus with disorderly conduct and bail jumping relating to Polhamus's conduct at a bar in Sparta on one night in January 2019. The case was tried by a jury in May 2019.

¶3 At the trial, the State presented seven witnesses, along with videotape recordings from the night in question. The witnesses included two police officers who testified as to their interactions with Polhamus when they responded to a 911 call concerning a fight at the bar, the bartender who placed the 911 call, and three persons who were at the bar when Polhamus was at the bar before the police officers arrived. The jury was also shown portions of videotape recordings from the bar's surveillance cameras, from Polhamus's cellphone, and from an officer's body camera that showed Polhamus's conduct at the bar and with the police officers outside the bar. Polhamus testified in his own defense and also played portions of the videotape recordings showing his conduct at the bar.

¶4 The jury found Polhamus guilty of disorderly conduct and not guilty of bail jumping.

¶5 Polhamus filed a motion for postconviction relief, alleging that he was entitled to a new trial because the State "cut a deal" with one of the witnesses "to falsely testify against" Polhamus at trial. The circuit court construed Polhamus's motion as asserting the right to a new trial based on newly discovered evidence and denied the motion in a written decision. Pertinent to this appeal, the

court explained that the witness's testimony was consistent with the videotape recordings shown at trial, and that, even disregarding his testimony, there was no possibility that a jury in a new trial would reach a different result because "[m]ost of the relevant evidence was videos of the bar fight and [Polhamus's] behavior during and after the fight, including yelling profanities at police officers on a public street."

¶6    This appeal follows.

## DISCUSSION

¶7    The legislature has defined the crime of disorderly conduct as follows:  "Whoever, in a public or private place, engages in violent, abusive, indecent, profane, boisterous, unreasonably loud or otherwise disorderly conduct under circumstances in which the conduct tends to cause or provoke a disturbance is guilty of a Class B misdemeanor."  WIS. STAT. § 947.01.  The circuit court here instructed the jury that the State must prove the following two elements of the crime:  "Number one, the defendant engaged in violent, abusive, indecent, profane, boisterous, unreasonably loud or otherwise disorderly conduct.  Number two, the conduct of the defendant under the circumstances as they then existed tended to cause or provoke a disturbance.  Disorderly conduct may include physical acts or language or both."

¶8    As stated, Polhamus argues that videotaping a person with a cell phone does not, in itself, constitute disorderly conduct.  Polhamus himself cites the portion of the trial transcript where the circuit court, considering the evidence presented at trial, agreed that Polhamus's videotaping other bar patrons here did not constitute disorderly conduct and struck references to such conduct from the disorderly conduct jury instruction.  Thus, regardless of the merits of this

argument, the jury was not instructed that videotaping a person with a cell phone can constitute disorderly conduct, and, as I next explain, there was more than sufficient evidence apart from Polhamus's videotaping to support the conviction.

¶9      "[I]n reviewing the sufficiency of the evidence to support a conviction, an appellate court may not substitute its judgment for that of the trier of fact unless the evidence, viewed most favorably to the state and the conviction, is so lacking in probative value and force that no trier of fact, acting reasonably, could have found guilt beyond a reasonable doubt." *State v. Poellinger*, 153 Wis. 2d 493, 507, 451 N.W.2d 752 (1990).  "If any possibility exists that the trier of fact could have drawn the appropriate inferences from the evidence adduced at trial to find the requisite guilt, an appellate court may not overturn a verdict even if it believes that the trier of fact should not have found guilt based on the evidence before it." *Id.*

¶10      While Polhamus does not expressly challenge the sufficiency of the evidence, he does assert throughout his briefing that the evidence did not meet the elements of the crime of disorderly conduct.  Specifically, he argues that he was the "victim of bad conduct of other patrons" and that he "tried his best to avoid any conflict."  While his argument reflects the inferences he seeks to draw from the evidence, it ignores the extensive evidence supporting inferences to the contrary.

¶11      As to his conduct at the bar, the bartender's testimony, along with the videotaped recordings, showed that Polhamus was loud, accusatory, "confrontational," and "yelling" from the moment he entered the bar, and that he did not leave when the bartender saw that things were getting out of hand and instructed Polhamus to leave.  Polhamus interacted with the bartender and other

bar patrons in an antagonistic manner. Polhamus conceded that he did not accurately recall what took place at the bar, but recalls that he made sure to make others, including the person who ultimately hit Polhamus, which resulted in the fight that followed, think he was "nobody to mess with." He admitted that he used loud, boisterous, and profane language with others in the bar.

¶12 As to Polhamus's conduct with the officers outside the bar, the officers' testimony and the body camera recording played at trial showed that Polhamus used loud, angry, profane, and argumentative language in the presence of a large crowd. Officers asked Polhamus multiple times for his own safety to move out of the public street to the sidewalk, and he repeatedly refused.

¶13 As to Polhamus's conduct in both situations, the jury could reasonably infer from the testimony and videotaped recordings that Polhamus engaged in "profane, boisterous, unreasonably loud or otherwise disorderly conduct" that, under the circumstances, "tend[ed] to cause or provoke a disturbance." WIS. STAT. § 974.01. Polhamus does not offer a developed argument to the contrary that is non-conclusory and supported by citations to the record.

## CONCLUSION

¶14 For the reasons stated, I affirm.

*By the Court.*—Judgment and order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.