COURT OF APPEALS
DECISION
DATED AND FILED

March 31, 2026

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2023AP1833-CR**

STATE OF WISCONSIN

Cir. Ct. No. 2017CF3208

IN COURT OF APPEALS
DISTRICT I

---

STATE OF WISCONSIN,

      PLAINTIFF-RESPONDENT,

  V.

ISAIAH JEREMY GUY,

      DEFENDANT-APPELLANT.

---

APPEAL from a judgment and an order of the circuit court for Milwaukee County: MARK A. SANDERS, Judge. *Affirmed*.

Before White, C.J., Donald, and Geenen, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1    PER CURIAM. Isaiah Jeremy Guy appeals a judgment of conviction and order denying his postconviction motions.  He argues: (1) the evidence was insufficient to support his conviction for unlawfully possessing a firearm as a convicted felon; (2) he received ineffective assistance of trial counsel; (3) the circuit court relied on inaccurate information in sentencing; and (4) he is entitled to resentencing based on the plain error.  We affirm.

## BACKGROUND

¶2    The convictions arise from a July 2017 shooting outside a residence in Milwaukee that resulted in the death of Maurice Stegall.  Multiple witnesses testified that Guy arrived at the scene with a long gun, accompanied by several other armed men.  Guy initiated a confrontation by punching Stegall.  Guy and the other men then fired multiple gunshots, one of which killed Stegall.

¶3    Police recovered multiple spent casings from the scene, and evidence linked Guy to the vehicle involved, in which police found a case for a long gun and ammunition.  Narcotics were later found in Guy's possession.  The jury found Guy guilty of first-degree reckless homicide, as a party to a crime, possession of a firearm by a felon, and possession of narcotic drugs.  Guy sought postconviction relief.  The circuit court denied Guy's postconviction motions after several evidentiary hearings.  This appeal follows.

## DISCUSSION

¶4    Guy contends that the evidence was insufficient to prove that he possessed a "firearm," defined as "a weapon which acts by the force of gunpowder."  WISCONSIN JI-CRIMINAL 1343.  He emphasizes that no witness

2

testified to seeing him fire a long assault rifle-type weapon and that no firearm was recovered.

¶5    We view the evidence most favorably to the verdict, and we will reverse only if the evidence is so lacking in probative value and force that no reasonable trier of fact could have found guilt beyond a reasonable doubt.  *State v. Poellinger*, 153 Wis. 2d 493, 507, 451 N.W.2d 752 (1990).

¶6    The evidence was sufficient.  Multiple witnesses testified that Guy arrived at the scene of the confrontation armed with a long gun.  Gunshots were heard immediately after the confrontation began, and ShotSpotter detected twenty-five gunshots near where the confrontation occurred.  Police recovered twenty-three nine-millimeter casings, and a firearms examiner testified that four different nine-millimeter guns were involved.  He further testified that some nine-millimeter firearms may appear similar to long guns or rifles.

¶7    Police also recovered nine-millimeter ammunition and an empty long gun case from the vehicle connected to Guy.  From this evidence, the jury could reasonably infer that Guy possessed a functioning firearm.  The jury was not required to accept the speculative theory that Guy carried an imitation weapon during an armed attack.  We therefore affirm the felon-in-possession conviction.

¶8    Guy also argues that his trial counsel was ineffective for failing to call certain police witnesses and for not further developing ballistics and identification evidence.

¶9    To prevail, Guy must show both that his trial counsel performed deficiently and that he was prejudiced.  *See Strickland v. Washington*, 466 U.S.

668, 687 (1984). If a defendant fails on one prong of the *Strickland* test, we need not address the other. *Id.* at 697.

¶10 Guy claims counsel should have called Detective Michael Tanem to highlight discrepancies in eyewitness descriptions of the suspect's height and clothing. The circuit court found these discrepancies insignificant given that the eyewitnesses knew Guy personally and identified him based on familiarity, not fleeting observation. We agree with the court that Guy has not shown a reasonable probability of a different outcome. *See id.* at 694.

¶11 Guy also argues counsel should have more fully introduced evidence that one recovered casing was linked to a handgun recovered in a separate investigation, while the testimony at trial showed that Guy was carrying a rifle or "long gun." Trial counsel attempted to pursue this line of evidence but the State objected, and that objection was sustained. In any event, Guy's liability for homicide was charged as a party to a crime, and therefore, it does not matter if one of the twenty-three casings came from a handgun as opposed to a rifle. Guy has not shown prejudice.

¶12 Guy's next claims of ineffective assistance are that his counsel should have impeached the firearms examiner with asserted errors in the crime lab report, and he should have called three police officers because their testimony varied from the eyewitness testimony. Guy does not adequately develop these arguments. Therefore, we do not address them further. *See State v. Pettit*, 171 Wis. 2d 627, 646, 492 N.W.2d 633 (Ct. App. 1992) ("We may decline to review issues inadequately briefed.").

¶13 Guy also argues that he is entitled to resentencing because the circuit court relied on inaccurate information. A defendant has a due process right to be

sentenced upon accurate information. *State v. Tiepelman*, 2006 WI 66, ¶9, 291 Wis. 2d 179, 717 N.W.2d 1. To obtain relief, the defendant must show that the information was inaccurate and that the court actually relied on it. *Id.*, ¶26.

¶14 Guy has not established the circuit court relied on inaccurate information in its sentencing comments. As discussed above, although no witness testified that they saw Guy pull the trigger, the record supported a reasonable inference that Guy participated in the shooting. He arrived armed with a long gun, initiated the confrontation, was accompanied by multiple armed accomplices, and was himself shot during the exchange. The court was entitled to draw reasonable inferences from these circumstances. The absence of direct testimony that Guy fired a gun does not make the court's inference that he did inaccurate.

¶15 Nor does the record show that the circuit court misunderstood that Guy was charged under party-to-a-crime liability when the court imposed its sentence. The court expressly recognized that it could not determine whose bullet caused the fatal wound. Its comments reflect an assessment of Guy's active role in the armed confrontation. Because the court's conclusions were supported by the evidence and reasonable inferences from that evidence, Guy has not shown reliance on inaccurate information.

¶16 Finally, Guy argues that he is entitled to resentencing because of plain error by the circuit court. For the same reasons as above, Guy's plain error argument fails. Plain error requires an obvious and substantial error affecting a defendant's fundamental rights. *See* WIS. STAT. § 901.03(4); *State v. Jorgensen*, 2008 WI 60, ¶21, 310 Wis. 2d 138, 754 N.W.2d 77. Where the challenged statements are supported by the record and constitute permissible inferences from the evidence, no error occurred. Guy is therefore not entitled to resentencing.

*By the Court.*—Judgment and order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5 (2023-24).