PER CURIAM.
¶ 1 Joseph L. Howard appeals a judgment of conviction, following a jury trial, of one count of armed robbery, one count of first-degree reckless injury-use of a dangerous weapon, and one count of possession of a firearm by a felon. Howard argues there is insufficient evidence to sustain his convictions. We affirm.
BACKGROUND
¶ 2 On October 23, 2014, the State charged Howard with one count of armed robbery, one count of first-degree reckless injury-use of a dangerous weapon, and one count of possession of a firearm by a felon. According to the criminal complaint, on August 9, 2014, Howard robbed S.B. at gunpoint at approximately 12:30 a.m., while S.B. was with her cousin, Y.R. S.B. and Y.R. were walking towards a bar when Howard approached S.B., pointed a gun at her and said, "[g]imme your purse bitch." S.B. gave Howard her purse. Howard shot S.B. in the thigh. Y.R. drove S.B. to the hospital.
¶ 3 Approximately a half hour later, Milwaukee police were dispatched to the scene of the robbery. Police Officer Valeria Zorich searched the area and found multiple items in a nearby alley, including makeup, an Apple iPhone, and keys. The items belonged to S.B. Howard's fingerprint was found on the phone. S.B. told police that she was the only person in possession of the phone until it was stolen.
¶ 4 The matter proceeded to trial where multiple witnesses testified. Officer Zorich testified that on the night of the robbery and shooting, she was dispatched to the area and searched the surrounding area for any items that "might have been tossed or dropped after the robbery occurred." Zorich found a red cosmetic bag containing makeup, a keychain, and an iPhone about a half block away from the area where she was dispatched. Zorich stated that S.B. identified the items as hers (S.B.'s) and that they were turned over to police custody. Zorich stated that no one else touched the items she retrieved before they were turned over to a Milwaukee police detective.
¶ 5 S.B. testified consistently with the facts stated in the criminal complaint. She confirmed that the items recovered from the scene of the robbery and shooting were hers. S.B. also testified that her assailant was an African-American male, a "little taller than [her,]" with hair cut low. S.B. could not positively identify her assailant in a photo array, telling the jury that police contacted her several months after the robbery to look at a photo array. S.B. said that although one photo looked like her assailant, she could not be "100 percent sure."
¶ 6 Richard Jacobs, a latent fingerprint examiner with the Milwaukee Police Department, described the process by which fingerprints are lifted, the multiple levels of fingerprint details, and the way in which fingerprints are examined for identification purposes. Jacobs stated that after he makes a positive fingerprint identification, another latent fingerprint examiner "go[es] through analysis, comparison, and evaluation and verif[ies] that I followed our procedures correctly, that I've arrived at [a] correct determination and proper conclusion in regards to a case." Jacobs stated that after completing his analysis, he used an "Automated Fingerprint Identification Systems" (AFIS) machine, which generates a list of candidates to see if the latent print matches any fingerprints within the database. The system also scores the candidates based on how closely their fingerprints match the sample. The system included Howard's name in a list of candidates and an above-average scoring match. Based on Jacobs's own examination and the results of the AFIS machine, Jacobs stated that he was "certain" the fingerprint recovered from S.B.'s iPhone belonged to Howard.
¶ 7 The jury found Howard guilty as charged. This appeal follows.
DISCUSSION
¶ 8 On appeal, Howard contends that the fingerprint evidence was insufficient to convict him of the crimes charged.
¶ 9 Our task in reviewing the sufficiency of the evidence is to determine whether the evidence at trial, viewed most favorably to the State and to the conviction, is so insufficient in probative value and force that it can be said as a matter of law that no trier of fact acting reasonably could have found guilt beyond a reasonable doubt. See State v. Poellinger , 153 Wis. 2d 493, 501, 451 N.W.2d 752 (1990). In doing so, we must keep in mind that the credibility of the witnesses and the weight of the evidence are for the trier of fact, and we must adopt all reasonable inferences which support the jury's verdict. See id. at 504. The test is not whether this court is convinced of Howard's guilt beyond a reasonable doubt, but whether this court can conclude that the trier of fact could, acting reasonably, be so convinced by evidence it had a right to believe and accept as true. See id. at 503-04. The standard for reviewing the sufficiency of the evidence is the same in either a direct or a circumstantial evidence case. Id. at 501. In short, Howard bears a heavy burden in attempting to convince us to set aside the jury's verdict. See State v. Allbaugh , 148 Wis. 2d 807, 808-09, 436 N.W.2d 898 (Ct. App. 1989).
¶ 10 Howard contends that the fingerprint evidence alone is insufficient to support the jury's verdict. We disagree. The jury heard testimony from Jacobs, a latent fingerprint expert, in which Jacobs detailed the fingerprint identification process. Jacobs told the jury that he was confident the fingerprint recovered from S.B.'s iPhone belonged to Howard. Jacobs was qualified to express an opinion about fingerprint identification. S.B. also testified that prior to the robbery, the iPhone was in her possession and no one else touched it. The phone was recovered approximately a half block away from the scene of the crimes and the chain of custody was established. Therefore, sufficient testimony was presented, which if believed by the jury, linked Howard's fingerprint to the iPhone. The jury clearly found this testimony credible. The jury, not the appellate court, determines the weight and credibility of the testimony. See Poellinger , 153 Wis. 2d at 506. We therefore must uphold the jury's verdict.
¶ 11 For the foregoing reasons, we affirm.
By the Court. -Judgment affirmed.
This opinion will not be published. See WIS. STAT. RULE 809.23(1)(b)5.