COURT OF APPEALS
DECISION
DATED AND FILED

**August 28, 2019**

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

**Appeal No.   2018AP1469-CR**

**STATE OF WISCONSIN**

Cir. Ct. No.  2014CF947

**IN COURT OF APPEALS
DISTRICT II**

STATE OF WISCONSIN,

   PLAINTIFF-RESPONDENT,

V.

RODNEY R. BAER,

   DEFENDANT-APPELLANT.

APPEAL from a judgment of the circuit court for Racine County: MICHAEL J. PIONTEK, Judge.  *Affirmed*.

Before Neubauer, C.J., Reilly, P.J., and Gundrum, J.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Rodney R. Baer appeals from a judgment convicting him after a jury trial of two counts of repeated sexual assault of the same child and two counts of incest. Baer argues that the trial court violated his constitutional right to present a defense when it disallowed him from presenting evidence relevant to the children's motivation to lie. We conclude exclusion of the evidence was harmless error. We affirm.

¶2 Two of Baer's daughters, ten-year-old AAB and twelve-year-old KHB, accused him of having sexual contact and intercourse with them on multiple occasions. Baer and the girls' mother, Kelly, are divorced; Baer was the custodial parent. He contended the girls falsely accused him of the sexual assaults so that he would lose custody of them and they would be placed with their mother.

¶3 To support that defense, Baer sought to be allowed to question witnesses, including his former girlfriend, who went by the nickname "Chrissy," about the allegation that before the girls made the assault allegations, they repeatedly sang a song entitled "Get a New Daddy" that they heard a comedy group perform on YouTube. The lyrical content deals with children lying about being sexually molested so as to "get a new daddy." Baer argued that this evidence was admissible as other-acts evidence to show motive, opportunity, and knowledge to lie; was admissible as character evidence; or, alternatively, it was necessary to his defense as a matter of due process.

¶4 At the hearing on the motion, Chrissy testified in making an offer of proof that KHB and AAB "loved singing," that they sang a number of songs "often," and that she heard them sing "Get a New Daddy" "about three times." The court did not consider the song as other-acts evidence but agreed that KHB's and AAB's knowledge of it was a specific instance of conduct admissible as

character evidence that could be used to attack their credibility under WIS. STAT. § 906.08(2) (2017-18).[1]  The court cautioned, however, that Baer would be bound by their answer:  "If the kids say they don't recall or didn't sing that song, that's it."  The court also said it would not allow him to go into the lyrics.

¶5      AAB and KHB testified at trial about the assaults.  On cross-examination, Baer asked AAB:  "Did your sister, [KHB], ever show you funny videos on the computer?"  AAB responded:  "No."  Baer then asked:  "Do you know a song called 'Get a New Daddy?'"  The court interrupted, stating that, per its earlier ruling, the issue could not be explored further.  It explained that continued questioning would be unduly prejudicial and of minimal relevance to Baer's defense theory, as it focused solely on a single song, when the ten- and twelve-year-old sisters likely knew and sang many songs.  The court did not allow Baer to question AAB outside the presence of the jury.

¶6      Kelly also testified.  She said that before the girls made their allegations, she had told them she wanted them to live with her, and they said they wanted to live with her.  Other witnesses included two police officers who investigated the assault reports, the forensic interviewer at the Child Advocacy Center, the advanced practice nurse practitioner who performed the girls' postassault physical examinations, and Baer himself.

¶7      The jury found Baer guilty.  The court sentenced him to twenty-five years' initial confinement (IC) followed by ten years' extended supervision (ES) for one count of repeated sexual assault of a child, and concurrent terms of seven

---

[1] All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

years' IC and three years' ES for the remaining three counts of repeated sexual assault of a child and two counts of incest. Baer consistently maintained his innocence, even through sentencing. This appeal followed.

¶8 Baer argues the trial court erroneously exercised its discretion by excluding evidence about "Get a New Daddy" and its lyrics. The State responds that it was well within the court's discretion to exclude the evidence as irrelevant and unfairly prejudicial, and, even if relevant, it had minimal probative value. We agree with Baer that the evidence should not have been excluded. We conclude, however, that the error was harmless.[2]

¶9 We will uphold a trial court's exercise of discretion when the record shows that the court considered the facts and applicable law and arrived at a conclusion based on logic and proper legal standards, even if its conclusion is one this court might not have reached. *See* ***Johnson v. Johnson***, 225 Wis. 2d 513, 516, 593 N.W.2d 827 (Ct. App. ). The discretionary decision whether to admit evidence is subject to the harmless error rule. ***State v. Hunt***, 2014 WI 102, ¶21, 360 Wis. 2d 576, 851 N.W.2d 434. The violation of a defendant's right to present a defense also is subject to a harmless-error analysis. ***State v. Kramer***, 2006 WI App 133, ¶26, 294 Wis. 2d 780, 720 N.W.2d 459. Whether an error is harmless presents a question of law we review de novo. ***Hunt***, 360 Wis. 2d 576, ¶21.

---

[2] The State contends Baer is judicially estopped from arguing that the song was admissible as other-acts evidence because he convinced the trial court to admit it as character evidence. Indeed, despite filing what he denominated a "motion to admit 'other-acts' evidence," Baer stated at the motion hearing, "It's not other[-]acts evidence…. It is character evidence." Given the lack of clarity as to the grounds for the motion, we choose to proceed under a harmless-error analysis.

¶10    For an error to be harmless, the beneficiary of the error—here, the State—must prove "beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained." ***State v. Stuart***, 2005 WI 47, ¶40, 279 Wis. 2d 659, 695 N.W.2d 259 (citation omitted).  Error is harmless if it is "clear beyond a reasonable doubt that a rational jury would have found the defendant guilty absent the error." ***State v. Harvey***, 2002 WI 93, ¶49, 254 Wis. 2d 442, 647 N.W.2d 189 (citation omitted).  Factors relevant to a harmless-error analysis include "the importance of the erroneously admitted or excluded evidence; the presence or absence of evidence corroborating or contradicting the erroneously admitted or excluded evidence; the nature of the defense; the nature of the State's case; and the overall strength of the State's case." ***Hunt***, 360 Wis. 2d 576, ¶27.

¶11    Excluding evidence about the song "Get a New Daddy" was harmless because it would have been cumulative to other evidence showing a possible motive to falsely accuse their father.  Baer and his ex-wife had a contentious relationship in regard to custody of the children.[3]  Kelly testified that she and the girls mutually wanted her to have custody; Baer testified that he knew the girls wanted to live with Kelly.  The jury easily could have deduced without hearing the particular song lyrics that, even at ten and twelve, the girls would know sexual assault allegations would result in a change of custody.

¶12    On the flip side, the song evidence also was harmless because it would not have shored up Baer's claim that the girls were lying.  Chrissy, who

---

[3] For example, Baer testified that when the girls misbehaved, he grounded them and did not allow them to have visitation with their mother.  Kelly testified that she threatened to call the sheriff if Baer did not let her see her children and filed a court action seeking placement of her children shortly after the girls made the sexual-abuse allegations.

gave an offer of proof on "Get a New Daddy," said the girls "loved singing," sang many different songs, and watched other videos by the same comedy group. It strains credulity that the girls would sing, in front of their father's girlfriend, a song about falsely accusing a parent of sexual abuse if they were planning to do just that—and then wait months to make the disclosures.

¶13 This was a credibility battle between Baer and his daughters. There were no witnesses, and, due to the passage of time, no DNA evidence or evidence of physical injury. Witness credibility and the weight of the evidence is for the jury, *State v. Poellinger*, 153 Wis. 2d 493, 504, 451 N.W.2d 752 (1990), just as is sorting out inconsistencies and contradictions in witnesses' testimony, *see Kohlhoff v. State*, 85 Wis. 2d 148, 154, 270 N.W.2d 63 (1978). In finding Baer guilty on all counts, the jury necessarily found him less credible. Contradictory testimony between witnesses does not render the girls' testimonies incredible as a matter of law. Evidence that AAB and KHB sang a variety of songs, including one about falsely accusing a parent four or five months before they finally disclosed Baer's abuse, would not have changed the verdict.

*By the Court.*—Judgment affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.