COURT OF APPEALS
DECISION
DATED AND FILED

March 31, 2021

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

**This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.**

**A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals.** *See* WIS. STAT. § 808.10 and RULE 809.62.

| | |
|---|---|
| **Appeal No.** **2019AP588-CR** | **Cir. Ct. No. 2015CF367** |
| **STATE OF WISCONSIN** | **IN COURT OF APPEALS**<br>**DISTRICT II** |

STATE OF WISCONSIN,

    PLAINTIFF-RESPONDENT,

  V.

TERRILL L. WALLACE,

    DEFENDANT-APPELLANT.

APPEAL from a judgment and an order of the circuit court for Winnebago County:  BARBARA H. KEY, Judge.  *Affirmed*.

Before Neubauer, C.J., Reilly, P.J., and Davis, J.

        **Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Terrill L. Wallace appeals from a judgment convicting him of delivering heroin and being a felon in possession of a firearm. He also appeals from a circuit court order rejecting without an evidentiary hearing his postconviction allegations of ineffective assistance of trial counsel, the State's failure to inform him that it would recommend probation for a key witness in return for that witness's cooperation against him, the State's improper closing argument, and insufficient evidence to convict him of the firearm possession offense. We affirm the circuit court's discretionary decision to reject these claims without an evidentiary hearing.

¶2 Wallace was charged with delivering heroin to the key witness against him, Mr. Hajdini. Shortly after Wallace arrived at a home being surveilled by law enforcement for drug activity, Hajdini's vehicle also arrived at the home. Wallace interacted with Hajdini while Hajdini remained in his vehicle; Wallace leaned inside and placed his hands inside the vehicle's window. Shortly after Hajdini drove away, the police stopped him for a traffic violation and found a significant amount of heroin between the driver's seat and the console. Although Hajdini initially claimed that the heroin belonged to another user of his vehicle, he later admitted that he made this false claim because he had children at home and wanted to avoid going to jail after being arrested. Hajdini later admitted at the police station that Wallace fronted him the heroin with payment due later. A jury convicted Wallace of delivering heroin.

¶3 On appeal, Wallace challenges the circuit court's denial of his postconviction motion without an evidentiary hearing. The circuit court had discretion to deny a postconviction motion without a hearing if the motion was legally insufficient. *State v. Allen*, 2004 WI 106, ¶12, 274 Wis. 2d 568, 682 N.W.2d 433.

> The circuit court may deny a postconviction motion for a hearing if all the facts alleged in the motion, assuming them to be true, do not entitle the movant to relief; if one or more key factual allegations in the motion are conclusory; or if the record conclusively demonstrates that the movant is not entitled to relief.

*Id.* ¶12 (footnote omitted).

### Ineffective Assistance of Trial Counsel and Hajdini's Cooperation

¶4 To succeed on an ineffective assistance of counsel claim, a defendant must demonstrate that counsel's representation was deficient and that the deficiency was prejudicial. *State v. Jeannie M.P.*, 2005 WI App 183, ¶6, 286 Wis. 2d 721, 703 N.W.2d 694. We will uphold the circuit court's factual findings unless they are clearly erroneous. *Id.* We review de novo whether counsel's performance was deficient or prejudicial. *Id.* To show prejudice arising from counsel's performance, a defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*, ¶26 (citations omitted). We need not consider whether trial counsel's performance was deficient if we can resolve the ineffectiveness issue on the ground of lack of prejudice. *State v. Moats*, 156 Wis. 2d 74, 101, 457 N.W.2d 299 (1990).

¶5 Postconviction, Wallace claimed that his trial counsel was ineffective because counsel failed to impeach Hajdini with evidence that he was

motivated to falsely implicate Wallace in delivering heroin.[1]  Specifically, Wallace complains, his trial counsel did not take adequate steps to put before the jury that upon his arrest and after, Hajdini repeatedly said he wanted to see his children and asked law enforcement officers what he needed to do to avoid jail.  Thereafter, Hajdini stated that he obtained the heroin from Wallace.

¶6      The record supports the circuit court's finding that Hajdini's credibility and alleged motive for stating he obtained the heroin from Wallace were addressed at trial.  During opening statements, Wallace's trial counsel stated that Hajdini lied to the police about Wallace and was motivated to do so because he wanted to avoid jail.  At trial, Hajdini admitted that to avoid being jailed and separated from his children, he lied when he denied a connection with the heroin found in his vehicle.  From that testimony the jury could have inferred that Hajdini ultimately implicated Wallace as the heroin's source to serve his own purposes.  The jury also knew that Hajdini had been convicted of possessing heroin with intent to deliver.  During closing arguments, Wallace's counsel argued that Hajdini had a motive to falsely accuse Wallace and was otherwise not credible.  Based on this record, the circuit court found that Hajdini's credibility was challenged during Wallace's trial and concluded that none of Wallace's postconviction challenges would have changed the trial's outcome.  Therefore, Wallace was not prejudiced by his trial counsel's performance.

---

[1] Wallace also contends that his trial counsel should have sought to introduce Hajdini's recorded police interview into evidence.  The jury heard Hajdini's testimony and other evidence about his connection to the heroin found in his vehicle.  The absence of the recorded interview from evidence was not prejudicial because the key points about Hajdini's role in the case were otherwise before the jury.  *See **State v. Moats***, 156 Wis. 2d 74, 101, 457 N.W.2d 299 (1990).

¶7 We agree with the circuit court that Hajdini's credibility was challenged before the jury. Because the record conclusively demonstrates that Wallace was not prejudiced by his trial counsel's performance, the circuit court did not err when it rejected this claim without a hearing. *Allen*, 274 Wis. 2d 568, ¶12.

¶8 Wallace next argues that the State failed to disclose that it had agreed to recommend probation for Hajdini at Hajdini's sentencing in return for his cooperation against Wallace, and Wallace's trial counsel failed to pursue this issue. Seven months after he was sentenced, Hajdini testified at Wallace's trial about his plea agreement and stated that the plea agreement did not have anything to do with Wallace's case. At the postconviction motion hearing, the State clarified that references at Wallace's trial to Hajdini's cooperation with law enforcement referred to Hajdini's time-of-arrest statements to police that he received the heroin from Wallace. The State denied that Hajdini received any additional consideration in relation to Wallace's case. The circuit court found that there was no evidence of an agreement with Hajdini relating to Wallace's case or that the State's probation recommendation was tied to Hajdini's cooperation against Wallace. Therefore, there was nothing the State failed to disclose or that trial counsel failed to unearth. These findings are not clearly erroneous. *Jeannie M.P.*, 286 Wis. 2d 721, ¶6. Finally, Hajdini was sentenced before he testified at Wallace's trial. Because the record conclusively demonstrates that Wallace was not prejudiced by his trial counsel's performance, the circuit court did not err when it rejected this claim without a hearing. *Allen*, 274 Wis. 2d 568, ¶12.

¶9 We conclude that the circuit court did not misuse its discretion when it denied Wallace's ineffective assistance of trial counsel claims without an evidentiary hearing. *See id.*

### State's Closing Argument

¶10    Wallace next contends that the circuit court should have ordered a new trial on the heroin delivery offense because the State improperly argued during its closing that Hajdini did not have a motive to lie and had nothing to gain by accusing Wallace of delivering heroin to him. Postconviction, the circuit court determined that at the time of the closing arguments in Wallace's case, Hajdini had already been sentenced, and there was no evidence that he had a continuing obligation to cooperate with the State in Wallace's case in order to gain something for himself.[2]    On this record, we agree with the circuit court that the State's closing argument was not a basis for a new trial.

### Sufficiency of the Evidence

¶11    Finally, Wallace argues that the evidence was insufficient to convict him of being a felon in possession of a firearm. Postconviction, the circuit court concluded that there was sufficient evidence from which the jury could have inferred that Wallace possessed a firearm.

¶12    We review whether the evidence, "viewed most favorably to the state and the conviction, is so insufficient in probative value and force that it can be said as a matter of law that no trier of act, acting reasonably, could have found guilt beyond a reasonable doubt." *State v. Poellinger*, 153 Wis. 2d 493, 501, 451 N.W.2d 752 (1990). The standard is the same whether the evidence is direct or

---

[2] After the first postconviction motion hearing, the circuit court ordered the State to disclose any additional information in its possession relating to any concessions offered to Hajdini in connection with his role as a witness in Wallace's case. After the State reported that it had located no additional information, the circuit court entered the order denying Wallace's postconviction motion.

circumstantial. *Id.* It was the jury's function to decide issues of credibility, weigh the evidence and resolve conflicts in the testimony. *Id.* at 506. We must accept the reasonable inferences drawn from the evidence by the jury. *Id.* at 506-07.

¶13    Wallace stipulated that he was a convicted felon, leaving the State to prove at trial that he possessed a firearm. WIS JI—CRIMINAL 1343. As defined for the jury, possession meant that Wallace "knowingly had actual physical control of a firearm," including any firearm "in an area over which the person has control and the person intends to exercise control over the item" or a firearm over which Wallace exercised control "even though another person may also have similar control." *Id.*

¶14    We agree with the State that there was sufficient evidence and reasonable inferences from that evidence to convict Wallace of being a felon in possession of a firearm. The firearm was found in the basement of the house owned by the mother of Wallace's romantic partner. The evidence showed that Wallace was routinely in the house, occasionally gave the house's address as his own, his personal property was found in the house, he delivered heroin from the house on the day of the crime, the firearm was hidden near where some of Wallace's personal identifying information was found, bullets matching the caliber of bullets found with the firearm were found in a duffle bag containing Wallace's property, and the jury did not have to believe Wallace's partner's testimony that she owned and solely possessed the firearm and that Wallace was unaware of the firearm. We agree with the State that there was sufficient evidence to convict Wallace of possessing a firearm while a felon. *See generally* **State v. Richardson** 156 Wis. 2d 128, 144, 456 N.W.2d 830 (1990) ("Several cases have found that drug dealers and weapons go hand in hand.").

7

*By the Court.*—Judgment and order affirmed.

This opinion will not be published. See WIS. STAT. RULE 809.23(1)(b)5.