COURT OF APPEALS
DECISION
DATED AND FILED

April 1, 2021

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No.     **2017AP2002-CR**

Cir. Ct. No. **2016CF98**

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT IV

STATE OF WISCONSIN,

   PLAINTIFF-RESPONDENT,

V.

PRESTON P. RODENKIRCH,

   DEFENDANT-APPELLANT.

APPEAL from judgments of the circuit court for La Crosse County: SCOTT L. HORNE, Judge. *Affirmed*.

Before Fitzpatrick, P.J., Kloppenburg, and Nashold, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Preston Rodenkirch appeals judgments of conviction. The issue is whether the evidence was sufficient to show that Rodenkirch's possession of a controlled substance was without a prescription. We conclude that it was, and therefore we affirm.

¶2 In reviewing sufficiency of the evidence, we affirm the verdict unless the evidence, viewed most favorably to the State and the conviction, is so insufficient in probative value and force that no reasonable trier of fact could have found guilt beyond a reasonable doubt. *State v. Poellinger*, 153 Wis. 2d 493, 501, 451 N.W.2d 752 (1990).

¶3 Among other offenses, Rodenkirch was convicted of possession of buprenorphine. The jury was instructed that the first two elements of the offense were that Rodenkirch possessed a prescription drug and that he knew or believed it was a substance that is a prescription drug. In this appeal we are concerned with the third and final element: "The prescription drug was not dispensed to the defendant upon a prescription order issued by a practitioner."

¶4 Rodenkirch argues that the evidence was insufficient on that element because the State did not present evidence about whether Rodenkirch had a prescription. No witness testified that Rodenkirch did not have a prescription, and there was no evidence of a statement by Rodenkirch admitting that he lacked a prescription. He points out that this lack of evidence was also reflected in the State's closing argument, which did not discuss this element of the crime.

¶5 The State responds that the jury could reasonably have inferred that Rodenkirch lacked a prescription beyond a reasonable doubt from the circumstances surrounding Rodenkirch's possession of the substance. We agree with the State.

¶6     Those circumstances include the fact that a single buprenorphine pill was found in a small plastic bag.  They also include the fact that the pill was found in Rodenkirch's vehicle along with an assortment of other controlled substances, such as THC, methamphetamine, and hydrocodone.

¶7     In addition, the vehicle contained evidence suggesting that Rodenkirch was engaged in the sale of controlled substances, such as multiple cell phones and a scale.  It is also significant that it appears that Rodenkirch was living in the vehicle at the time, but no prescription container for buprenorphine was found there, from which it could be inferred that Rodenkirch did not possess such a container.

¶8     In sum, these circumstances were sufficient to allow a reasonable jury to infer beyond a reasonable doubt that Rodenkirch possessed the buprenorphine without a prescription.

*By the Court.*—Judgments affirmed.

This opinion will not be published.  *See* WIS. STAT. § 809.23(1)(b)5. (2019-20).