**COURT OF APPEALS**
**DECISION**
**DATED AND FILED**

**October 21, 2021**

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

**Appeal No.      2020AP1673-CR**

Cir. Ct. No. 2017CF1420

**STATE OF WISCONSIN**

**IN COURT OF APPEALS**
**DISTRICT IV**

STATE OF WISCONSIN,

   PLAINTIFF-RESPONDENT,

V.

CORY JOSEPH EUBANKS,

   DEFENDANT-APPELLANT.

---

APPEAL from a judgment of the circuit court for Rock County: BARBARA W. McCRORY, Judge. *Affirmed*.

Before Kloppenburg, Fitzpatrick, and Graham, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1      PER CURIAM. Cory Eubanks appeals a judgment of conviction for operating a motor vehicle with a prohibited blood alcohol concentration (PAC)

as a fourth offense, following a jury trial. Eubanks contends that the evidence was insufficient to sustain the jury verdict. Eubanks also contends that the prosecutor made improper remarks during closing arguments. For the reasons set forth in this opinion, we reject these contentions. We affirm.

¶2 In June 2019, Eubanks went to trial on a charge of PAC as a fourth offense following a single-vehicle crash. Eubanks stipulated that he had a prohibited blood alcohol concentration at the time of the crash, but argued that he had not been driving the vehicle.

¶3 The following evidence was introduced at trial on the issue of whether Eubanks was the driver of the vehicle involved in the crash. Police responded to the site of the crash and made contact with Eubanks. Eubanks was staggering and had injuries to his left hand and forearm, and he was wearing only one shoe. Eubanks' other shoe was located on the driver's side floor of the vehicle. Although Eubanks was the only one located at the scene, he denied that he had been driving the car. Eubanks first told police that "T.P." was driving, and eventually identified "T.P." as an individual named Travis Pulaski.

¶4 Three witnesses testified as to their observations immediately before and after the crash from houses across the street. One witness testified that he heard the crash, called 911, and then went outside, but that he did not observe anyone in or near the car. Another witness testified that she heard tires going across the snow and ice at a high speed, looked out her window, saw a car lodged between two poles, and called 911. The witness stated that she saw a man walking in circles, and that police then arrived and spoke with that man. The third witness testified that she saw a car drive by and saw a silhouette in the front passenger seat. She saw the car hit the telephone pole, and then went outside. The witness

testified that she saw a person exit the passenger side of the vehicle, and that she recognized that person as Eubanks. She did not observe anyone else exit the vehicle.

¶5     During the State's closing rebuttal argument, the prosecutor asserted that Eubanks wanted the jury "to believe … T.P. was driving." The prosecutor argued "that that lacks credibility" and "lacks common sense." The prosecutor then stated that Eubanks "never offered a location of this individual, a description to the officers on that evening. It would have been pretty simple to do that." The prosecutor stated: "I think what this amounts to is … TP stands for The Phantom."

¶6     Defense counsel objected to the prosecutor's rebuttal argument and moved for a mistrial. The circuit court took the motion under advisement. After the jury returned a guilty verdict, the court denied the motion for a mistrial and entered a judgment of conviction. Eubanks appeals.

¶7     Eubanks argues first that the evidence was insufficient to sustain the jury's verdict. He contends that the State failed to present any evidence that Eubanks had been driving the car. He argues that all of the evidence indicated that Eubanks was a passenger in the car rather than the driver at the time of the crash. He cites the following evidence from trial: Eubanks informed responding officers that he had not been driving the car and that "T.P." had been driving, and Eubanks later provided a full name for "T.P."; a witness saw someone in the passenger seat when the car was driving by and saw someone exit the passenger seat after the crash; police had called for an ambulance for "one of the subjects from the crash"; and dispatch notes indicated that the driver had fled the scene. He argues that the only evidence supporting a finding that Eubanks had been the driver was that he

was found at the scene and that one of his shoes was located on the driver's side floor of the car after the crash. He contends that the evidence established at most that he was in the car, but that no rational jury could have found him guilty based on that evidence. We disagree.

¶8 We review the sufficiency of the evidence to support a conviction for whether "the evidence, viewed most favorably to the [S]tate and the conviction, is so lacking in probative value and force that no trier of fact, acting reasonably, could have found guilt beyond a reasonable doubt." *State v. Poellinger*, 153 Wis. 2d 493, 507, 451 N.W.2d 752 (1990) (citations omitted). We will uphold a conviction "[i]f any possibility exists that the trier of fact could have drawn the appropriate inferences from the evidence adduced at trial to find the requisite guilt," and we do so even if we do not believe the fact-finder should have found guilt based on the evidence. *Id.* We review the sufficiency of the evidence de novo, but in the light most favorable to sustaining the conviction. *State v. Hanson*, 2012 WI 4, ¶15, 338 Wis. 2d 243, 808 N.W.2d 390.

¶9 We conclude that the evidence at trial was sufficient to sustain the jury's verdict. While Eubanks correctly points out that there was no direct evidence establishing that he was driving the car, such direct evidence was not required to sustain the jury's verdict. *See Poellinger*, 153 Wis. 2d at 501 ("It is well established that a finding of guilt may rest upon evidence that is entirely circumstantial and that circumstantial evidence is oftentimes stronger and more satisfactory than direct evidence."). Here, the following circumstantial evidence was sufficient to support the jury's finding that Eubanks had been driving the car: a witness observed Eubanks exit the passenger side of the vehicle after the crash; Eubanks was the only one located at the scene; when police made contact with Eubanks, Eubanks was staggering and had injuries to his left hand and forearm;

and Eubanks was wearing only one shoe, and the matching shoe was located on the floor of the driver's seat of the car involved in the crash. Thus, while Eubanks cites evidence that could have supported a different jury finding, he has not provided a basis for this court to disturb the jury's verdict.

¶10 Next, Eubanks contends that the circuit court erred by denying his motion for a mistrial. He contends that the prosecutor's closing rebuttal argument was improper because it shifted the burden of proof to Eubanks to prove his innocence; commented on Eubanks' decision not to testify; and gave the prosecutor's opinion that Eubanks was lying. We are not persuaded.

¶11 "[A] motion for a mistrial based on prosecutorial misconduct is reviewed under an erroneous exercise of discretion standard." *State v. Patterson*, 2010 WI 130, ¶56, 329 Wis. 2d 599, 790 N.W.2d 909. We will not reverse a circuit court's decision to deny a motion for a mistrial based on improper arguments by the State "'unless there is evidence of [an erroneous exercise] of discretion and prejudice to the defendant.'" *Id.* (alteration in original) (quoted source omitted).

¶12 First, Eubanks contends that the prosecutor's rebuttal argument shifted the burden to Eubanks to prove his innocence by indicating that Eubanks was required to provide a description and location of T.P. to establish that T.P. had been driving the car. He cites *State v. Draize*, 88 Wis. 2d 445, 454, 276 N.W.2d 784 (1979), as holding that "[t]he line between permissible and impermissible argument is … drawn where the prosecutor goes beyond reasoning from the evidence to a conclusion of guilt and instead suggests that the jury arrive at a verdict by considering factors other than the evidence." Here, Eubanks contends, the prosecutor argued that the jury should look beyond the evidence and find

Eubanks guilty based on Eubanks' failure to present evidence to support his defense.

¶13 The State responds that the prosecutor's rebuttal argument that the defense lacked credibility did not shift the burden of proof. *See State v. Patino*, 177 Wis. 2d 348, 379, 502 N.W.2d 601 (Ct. App. 1993) ("A prosecutor's comment by questioning or argument about the shortcomings of the defense evidence does not, *per se*, constitute a shifting of the burden of proof."). It contends that the prosecutor's comment as to Eubanks' failure to provide any identifying information for T.P. referenced the limited information Eubanks provided to police, not Eubanks' failure to present that evidence at trial. It contends that the prosecutor therefore permissibly argued from the evidence that the defense theory lacked credibility. *See id.*

¶14 We conclude that the prosecutor's comment that Eubanks failed to provide a description or location of T.P. was permissible argument by the prosecutor as to the shortcomings of the defense. The prosecutor did not argue that Eubanks was required to present evidence related to T.P. at trial. Rather, the prosecutor stated that Eubanks did not provide that information "to the officers on that evening." Thus, the prosecutor argued that, based on the police testimony as to the limited information that Eubanks provided regarding T.P. on the night of the crash, the defense theory that T.P. was the driver lacked credibility. Because the prosecutor relied on the evidence to argue that Eubanks' defense lacked credibility, the argument was permissible. *See Draize*, 88 Wis. 2d at 445.

¶15 Next, Eubanks contends that the prosecutor's rebuttal argument impermissibly commented on Eubanks' decision not to testify in his own defense. He contends that the prosecutor's argument that Eubanks' defense that T.P. was

driving "lacks credibility" was an indirect comment on Eubanks' failure to support that defense through his own testimony. *See **State v. Doss***, 2008 WI 93, ¶81, 312 Wis. 2d 570, 754 N.W.2d 150 (prosecutor's reference to a defendant's failure to testify is impermissible if the comment proposes that the failure to testify demonstrates guilt and the comment was not a fair response to a defense argument).

¶16     The State responds that the prosecutor did not comment on Eubank's failure to testify in his own defense. Rather, the State argues, the prosecutor was responding to the defense's closing argument that T.P. was the driver by arguing that the defense's argument lacked credibility. *See **State v. Saunders***, 2011 WI App 156, ¶26, 338 Wis. 2d 160, 807 N.W.2d 679 (stating that a prosecutor's comment that "express[es] skepticism about [a defendant's] uncorroborated version of events" is not improper).

¶17     We conclude that the prosecutor's argument that the defense's claim that T.P. was driving lacked credibility was not a comment on Eubanks' failure to testify. The prosecutor did not state that the defense lacked credibility based on Eubanks' failure to support the defense with his own testimony. Rather, as set forth above, the prosecutor specifically tied that argument to the limited information that Eubanks provided to police on the night of the crash. The prosecutor's stated skepticism about Eubanks' defense was not improper. *See **id.***

¶18     Finally, Eubanks argues that the prosecutor's rebuttal argument stated the prosecutor's opinion that Eubanks was lying when he stated that T.P. was the driver of the car. He argues that, when the prosecutor stated that "TP stands for The Phantom," the prosecutor gave his opinion that Eubanks was lying. He argues that the prosecutor's stated opinion was improper under *State v. Mayo*,

2007 WI 78, ¶35, 301 Wis. 2d 642, 734 N.W.2d 115 (holding that it is "unprofessional 'for the prosecutor to express his or her personal belief or opinion as to the truth or falsity of any testimony or evidence of the guilt of the defendant'" (quoted source omitted)).

¶19    The State responds that a prosecutor may argue during closing arguments that a witness is lying. *See **State v. Jackson***, 2011 WI App 63, ¶29, 333 Wis. 2d 665, 799 N.W.2d 461 ("Accusing a witness of lying, based on the evidence, is not even close to being beyond the pale."). It also argues that Eubanks' reliance on *Mayo* is misplaced because, there, the court held that the prosecutor permissibly gave an opinion that "was based on evidence before the jury." *Mayo*, 301 Wis. 2d 642, ¶45. It argues that the same is true here.

¶20    We conclude that the prosecutor's comment that "TP stands for The Phantom" was a permissible argument by the prosecutor that there was no person named T.P. who was driving the car. As set forth above, the prosecutor argued that the evidence presented at trial did not support the defense theory that an unlocated person with the initials T.P., rather than Eubanks, was driving the car at the time of the crash. Because the prosecutor's argument "was not purely opinion, but was based on evidence before the jury," the argument was permissible. *See **id.*** We affirm.

*By the Court.*—Judgment affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5. (2019-20).

8