COURT OF APPEALS
DECISION
DATED AND FILED

October 11, 2023

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2022AP1372-CR**

Cir. Ct. No. 2020CF59

**STATE OF WISCONSIN**

**IN COURT OF APPEALS
DISTRICT II**

---

STATE OF WISCONSIN,

    PLAINTIFF-RESPONDENT,

  V.

RYAN R. TURK,

    DEFENDANT-APPELLANT.

---

APPEAL from a judgment of the circuit court for Washington County: JAMES G. POUROS, Judge. *Affirmed*.

Before Gundrum, P.J., Neubauer and Lazar, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1    PER CURIAM.  Ryan R. Turk appeals a judgment of conviction, following a jury trial, of first-degree sexual assault of a child under the age of thirteen.  Turk argues that the circuit court erroneously exercised its discretion when it admitted a TikTok video into evidence and that the evidence was insufficient to support his conviction.  We affirm.

¶2    Turk's twelve-year-old niece "Veronica"[1] reported that he had sexually assaulted her numerous times during a five-year period that started when she was six years old and ended when she was eleven years old.  As relevant to this appeal, the State charged Turk with first-degree sexual assault of a child under the age of thirteen.

¶3    At trial, Veronica, who was thirteen at the time of the trial, testified Turk would ask her for favors, which meant putting her hand on his penis and moving her hand around.  Veronica said that sometimes her mouth would go on his penis, and once he tried to put his mouth on her vagina.  Veronica testified the incidents happened at her grandmother's house, starting when she was six or seven years old, "whenever I would go over there.  And I was over there pretty often."  Veronica explained that once while she was in elementary school, Turk put blankets over her head and tried to insert his fingers into her vagina, and it hurt her.  She said that another time he propped her up on the bathroom sink and tried to put his penis into her vagina and that it hurt her.  On another occasion, Turk tried again to put his penis into her vagina, and it hurt even more.

---

[1] Pursuant to the policy underlying WIS. STAT. RULE 809.86(4) (2021-22), we use a pseudonym when referring to the victim in this case.

All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

¶4 Shortly thereafter, Veronica told her grandmother (Turk's mother) about what Turk had been doing to her, but her grandmother just prayed and cried and told her not to tell her school counselor. Veronica said that her grandmother told her uncle, Eric Turk (Turk's brother), and that Eric asked her about Turk sexually assaulting her. She told Eric about the sexual favors. Veronica also asked her cousin if Turk had done anything similar to her, and she told Turk's girlfriend Meghan and his friend J.J. about what Turk had done.

¶5 Eventually, Veronica told Turk's friend, Elena, about Turk sexually assaulting her. Elena told Veronica she needed to tell someone and drove Veronica to Veronica's father's house. Her father's fiancé immediately called police, and they took Veronica to the police station, where Veronica disclosed the assaults to police.

¶6 Veronica testified she made a TikTok video to share her story with other people who had gone through a similar experience. She later deleted the video. On cross-examination, Veronica admitted she told a police officer that she posted the TikTok video online because "it was the trendy thing to do." Detective Lichtensteiger described the TikTok video. He said Veronica is the only person in the video, is wearing dark clothes, has white powder on her hands, and is placing handprints on her clothes as text appears on the screen. The State moved to play the TikTok video at trial, and Turk objected.

¶7 Outside the presence of the jury, the State played the video for the court. Turk objected to the video on the basis that the video was hearsay, cumulative, and unfairly prejudicial. The State argued the video was admissible as a prior consistent statement and was offered to rebut the defense's fabrication allegations. The State also pointed out that defense counsel had referred to the

TikTok video in his opening statement and that it was discussed at length during Veronica's and Lichtensteiger's testimony. The State asserted that the video was admissible under the best evidence rule and the rule of completeness.

¶8 The circuit court admitted the video. The court concluded that the video was "clearly" admissible "under [WIS. STAT. §] 908.01(4)(a) as a prior statement of a witness." The court said that Veronica "has testified. She is subject to cross examination. She's been cross examined." The court also noted "[t]he whole subject of TikTok was brought up by" defense counsel, who "opened the door so that this is permissible." Finally, the court determined the video was "clearly relevant under [WIS. STAT. §] 904.03." The court conducted the balancing test and reasoned that the video's relevance was not "outweighed by any of those factors within [§] 904.03."

¶9 The video was played for the jury. Lichtensteiger testified that some of the words that appeared on the screen were "So … my uncle would sexually assault/rape me every[ time] I saw … him, which was at least once a week…. He told me not to tell anyone or he would do the same thing to my two little sisters. So I kept QU."

¶10 Turk elected not to testify. Veronica's grandmother (Turk's mother), Turk's friend J.J., Veronica's cousin, and Veronica's uncle Eric (Turk's brother) testified for the defense, and all denied that Veronica told them about Turk sexually assaulting her. On cross-examination, Eric admitted he told Lichtensteiger that: Turk and Veronica would often lock themselves in a room together; that Eric did not know what they were doing; and that maybe they "did inappropriate things." Eric also acknowledged he had been convicted of a crime for lifting up Veronica's nightgown while she was sleeping and taking nine photographs of her groin area,

which was covered by only a swimsuit bottom. As relevant, the jury found Turk guilty of first-degree sexual assault of a child under the age of thirteen.

¶11 On appeal, Turk first argues the circuit court erroneously admitted the TikTok video into evidence. Whether to admit evidence is subject to a circuit court's discretion. *State v. Dobbs*, 2020 WI 64, ¶27, 392 Wis. 2d 505, 945 N.W.2d 609. Turk argues the video was unduly prejudicial and should have been excluded pursuant to WIS. STAT. § 904.03. He contends the video was very dramatic because Veronica appeared to be crying in the video and the accompanying music added "a haunting sound." He also argues that no one testified about one of the statements that flashed across the screen during the video—specifically that Veronica suffered from but was getting help for her depression. Turk contends there was no reason to play the video for the jury—Veronica and police had already testified, the video was cumulative, and the only reason the State wanted to play the video was to elicit sympathy for Veronica.

¶12 We disagree and conclude the circuit court appropriately exercised its discretion when it admitted the video into evidence. As the circuit court observed, the defense questioned Veronica's credibility and brought up the video first in his opening statement. Veronica testified at trial and was subject to cross-examination. *See* WIS. STAT. § 908.01(4)(a)2.[2] The video was consistent with Veronica's testimony, and the State offered the video to rebut the defense's allegations of fabrication. *See id.* The video was properly admitted into evidence pursuant to § 908.01(4)(a) as a prior consistent statement of a witness. Additionally, the circuit

---

[2] WISCONSIN STAT. § 908.01(4) provides, in relevant part, that a statement is not hearsay if "[t]he declarant testifies at the trial or hearing and is subject to cross-examination concerning the statement, and the statement is: … Consistent with the declarant's testimony and is offered to rebut an express or implied charge against the declarant of recent fabrication or improper influence or motive[.]" Sec. 908.01(4)(a)2.

court appropriately exercised its discretion when, after viewing the video and considering the State's offer for the video, it determined the video's probative value was not outweighed by the danger of unfair prejudice. *See* WIS. STAT. § 904.03.

¶13   Turk next argues the evidence was insufficient to support his sexual assault conviction. He contends the entire case hinged on Veronica's credibility. Turk points out that before she disclosed the assaults to police, Veronica testified that she discussed Turk's actions with her grandmother, her uncle Eric, her cousin, and Turk's friend J.J. Turk emphasizes that all these witnesses testified they were unaware of the alleged sexual assaults and Veronica never disclosed any sexual abuse to them. Veronica's grandmother (Turk's mother) also testified Veronica had a reputation for being untruthful. Turk argues this evidence casts serious doubt on Veronica's testimony, and therefore the evidence was insufficient to sustain his conviction.

¶14   When reviewing the sufficiency of the evidence to support a conviction, we "may not substitute [our] judgment for that of the trier of fact unless the evidence, viewed most favorably to the state and the conviction, is so lacking in probative value and force that no trier of fact, acting reasonably, could have found guilt beyond a reasonable doubt." *State v. Poellinger*, 153 Wis. 2d 493, 507, 451 N.W.2d 752 (1990). The trier of fact is the sole arbiter of the credibility of witnesses and alone is charged with the duty of weighing the evidence. *Id.* at 506. "When more than one inference can reasonably be drawn from the evidence, the inference which supports the trier of fact's verdict must be the one followed on review unless the evidence is incredible as a matter of law." *See State v. Below*, 2011 WI App 64, ¶4, 333 Wis. 2d 690, 799 N.W.2d 95. "It is exclusively within the trier of fact's province to decide which evidence is worthy of belief, which is not, and to resolve any conflicts in the evidence." *Id.*

¶15 Here, it was the province of the jury to determine whether to believe Veronica's testimony or not. As evidenced by the guilty verdict, the jury determined Veronica was credible. The jury chose not to believe the testimony from Turk's other family members and his friend. Turk has not established that Veronica's testimony was inherently incredible. *See **Below***, 333 Wis. 2d 690, ¶4. We conclude the evidence was sufficient to support Turk's conviction for first-degree sexual assault of a child under the age of thirteen.

*By the Court.*—Judgment affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.