COURT OF APPEALS
DECISION
DATED AND FILED

December 17, 2025

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2023AP2387-CR**

STATE OF WISCONSIN

Cir. Ct. No. 2020CF221

IN COURT OF APPEALS
DISTRICT II

STATE OF WISCONSIN,

   PLAINTIFF-RESPONDENT,

V.

NICHOLAS P. PONIEWAZ,

   DEFENDANT-APPELLANT.

APPEAL from a judgment of the circuit court for Ozaukee County: SANDY A. WILLIAMS, Judge. *Affirmed*.

Before Neubauer, P.J., Grogan, and Lazar, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Nicholas P. Poniewaz appeals a judgment convicting him of operating a motor vehicle while intoxicated, as a fifth offense and with a child passenger, and possession of narcotic drugs. He argues: (1) the evidence was insufficient to support his conviction; and (2) the circuit court erroneously exercised its discretion in excluding defense lay witness testimony about his longstanding balance problems. We affirm.

¶2 The police received two emergency calls about a car that was driving erratically. One caller identified the vehicle as a dark-colored Toyota minivan and gave police a license plate number. The police found Poniewaz in a ditch asleep in his van. His 15-year-old daughter was in the car. After a jury trial, Poniewaz was convicted of driving while intoxicated and other charges. On appeal, Poniewaz challenges only his conviction of driving while intoxicated.

¶3 Poniewaz first argues that the State failed to present sufficient evidence to support his conviction of operating while intoxicated. Appellate review of the sufficiency of the evidence is limited. *State v. Doss*, 2008 WI 93, ¶21, 312 Wis. 2d 570, 754 N.W.2d 150. We uphold the verdict unless the evidence is so lacking in probative value and force that no reasonable trier of fact could have found guilt beyond a reasonable doubt. *Id.* We view the evidence most favorably to the State and the conviction and we give great deference to the jury's verdict. *State v. Poellinger*, 153 Wis. 2d 493, 507, 451 N.W.2d 752 (1990).

¶4 To secure a conviction, the State had to prove beyond a reasonable doubt that Poniewaz was operating a vehicle and that Poniewaz was under the influence of flualprazolam to a degree rendering him incapable of safely driving.

*See* WIS. STAT. § 346.63(1)(a) (2023-24).[1]  Two eyewitnesses testified that Poniewaz's vehicle was weaving, crossing the centerline, swerving into oncoming traffic and veering off the road.  One of them saw Poniewaz drive over the middle of a roundabout and another observed Poniewaz drive into a ditch.

¶5    Police Officer Zachary McCanna testified that he found Poniewaz unresponsive at the wheel of his van with his daughter in the car.  His speech was slurred, and he was disorientated about his location.

¶6    Deputy Sheriff Michael Schmidt testified that he used field sobriety tests to determine whether Poniewaz was intoxicated.  Poniewaz did poorly on the tests, and Deputy Schmidt was forced to terminate the tests for safety reasons after Poniewaz lost his balance multiple times.

¶7    Police Officer Michael Kranz, who is a drug recognition expert, testified that he went to assist with the investigation after Poniewaz was transported to the hospital.  He testified that Poniewaz had droopy eyelids, bloodshot and glossy eyes, impaired convergence, swaying, and oral/nasal indicators of drug use.

¶8    Poniewaz acknowledged taking narcotics.  Blood testing detected flualprazolam.  Toxicology witnesses explained that flualprazolam is a central-nervous-system depressant associated with impaired lane control, divided attention, slurred speech, delayed responses, and balance/coordination problems.

---

[1]  All references to the Wisconsin Statutes are to the 2023-24 version.

¶9      Viewing this evidence in the light most favorable to the State and the conviction, we conclude the record contains ample evidence to support the jury's verdict that Poniewaz was operating a vehicle while intoxicated.

¶10      Poniewaz contends that the jury's verdict was not adequately supported by the evidence because two laboratory analysts testified that the tests performed on Poniewaz's blood did not *quantify* the amount of flualprazolam in his system.  We reject his contention.  On this record, a rational jury could infer from the constellation of driving behavior, physical signs and the toxicology result showing the presence of flualprazolam that the drug rendered Poniewaz unable to safely drive.  *See* **Poellinger**, 153 Wis. 2d at 507.

¶11      Poniewaz next contends that there was insufficient evidence to convict because Officer Kranz opined that, based on his observations, Poniewaz was under the influence of a narcotic analgesic.  In contrast, the lab found that Poniewaz was under the influence of flualprazolam, which is a benzodiazepine.  Again, we reject his contention.  The jury could reasonably conclude that flualprazolam caused Poniewaz's unsafe driving based on expert testimony that flualprazolam can cause central nervous system depressant effects like lane-control problems and slurred speech.  Any conflicts in the evidence as to the category of drug Poniewaz ingested were for the jury to decide.

¶12      Poniewaz next argues that the circuit court erroneously excluded proposed lay testimony from family and friends about his longstanding balance issues from a traumatic brain injury.  The court concluded that the evidence was not relevant because the proposed witnesses did not observe Poniewaz on the day

he was arrested. Even if we assume the court erroneously excluded the testimony, an issue we do not decide, we conclude that any error was harmless.[2]

¶13 We review evidentiary rulings for an erroneous exercise of discretion, applying WIS. STAT. § 904.01 and the relevancy framework from *State v. Sullivan*, 216 Wis. 2d 768, 783-789, 576 N.W.2d 30 (1998). If error occurred, we assess harmless error as a question of law: the State must show it is clear beyond a reasonable doubt that a rational jury would have found the defendant guilty absent the error. *State v. Harvey*, 2002 WI 93, ¶49, 254 Wis. 2d 442, 647 N.W.2d 189.

¶14 The proposed witness testimony would have addressed Poniewaz's issues with balance in general. But the State's impairment case did not hinge on balance alone. Even crediting a chronic balance condition, the jurors heard that Poniewaz was observed driving erratically and he had multiple signs of intoxication beyond his impaired balance. Against this backdrop, general testimony from family or friends that Poniewaz had balance problems would not reasonably undermine the totality of impairment evidence, much of which was unrelated to balance. Given the strength and breadth of the trial evidence, it is clear beyond a reasonable doubt that a rational jury would have reached the same verdict even if the lay witnesses testified. *See Harvey*, 2002 WI 93, ¶49.

---

[2] Because we resolve this issue based on harmless error, we do not address the parties' dispute over the adequacy of the defense offer of proof.

*By the Court.*—Judgment affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.