# COURT OF APPEALS
## DECISION
## DATED AND FILED

## February 17, 2026

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2023AP2083-CR**

STATE OF WISCONSIN

Cir. Ct. No. **2021CM246**

IN COURT OF APPEALS
DISTRICT III

STATE OF WISCONSIN,

PLAINTIFF-RESPONDENT,

V.

KYLE R. APPEL,

DEFENDANT-APPELLANT.

APPEAL from a judgment of the circuit court for Dunn County: JAMES M. PETERSON, Judge. *Affirmed*.

¶1 HRUZ, J.[1] Kyle R. Appel appeals a judgment convicting him of obstructing an officer, as a repeater. *See* WIS. STAT. §§ 946.41(1), 939.62(1)(a). He argues that the evidence was insufficient to support the conviction. Appel also

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2) (2023-24). All references to the Wisconsin Statutes are to the 2023-24 version.

argues that the circuit court erred by not allowing testimony that would have shown that his arrest was pretextual. We affirm.

## BACKGROUND

¶2     Appel was charged with obstructing an officer following an incident that took place on September 10, 2021. On that evening, two Dunn County residents—one out walking her dog on 710th Avenue near Hintzman Road and the other sitting by a bonfire at her boyfriend's house near the intersection of Hintzman Road and Northline Road—separately called law enforcement at around 9:00 p.m. to report an unknown shirtless man wearing light-colored pants trespassing on their respective properties.

¶3     At about 9:25 p.m., Deputy Sheriff Samuel Miller encountered a man who matched the residents' description—and was later identified as Appel—walking on Hintzman Road. Miller eventually arrested Appel for obstruction of a law enforcement officer after Appel refused Miller's numerous attempts to question him, walked away when Miller told him to stop, and pulled away his arm when Miller attempted to detain him. Appel pled not guilty, and the case went to a jury trial.

¶4     At trial, Deputy Miller testified that he was dispatched on the night of the incident following calls about a man trespassing on private property near Hintzman Road. While in his squad car, Miller noticed Appel walking on Hintzman Road and asked him what he was doing on other people's property. Appel did not respond and continued walking. Miller then asked Appel to identify himself. Appel responded that his name "was irrelevant" and continued to walk away. When Appel continued to walk away, Miller exited his squad car. Appel asked if he was under arrest, and Miller responded that he was not. Miller again

asked Appel what he was doing on other people's property and told Appel that he had received several calls about him. Miller told Appel to stop, but Appel continued to walk away.

¶5 Deputy Miller further testified that after his first few attempts to engage Appel in conversation, he told Appel that he was being detained and that if he did not stop and talk, Miller would put him in handcuffs. Again, Appel did not stop but rather continued to walk away. At this point, another squad car came into the area. Appel began to walk faster and got into a stance such that Miller thought Appel was going to start running. Miller grabbed Appel's arm to secure him, but Appel pulled away. Miller then arrested Appel for obstructing Miller's investigation of the reports of trespass.

¶6 On cross-examination, defense counsel asked Deputy Miller whether he recalled saying to another officer, "[O]bviously he's up to something; he won't tell me his name, so I'm going [to] hit him with obstructing." The State objected to this question, and the circuit court sustained the objection.

¶7 Later in Deputy Miller's cross-examination, the circuit court further explained its decision to sustain the objection to playing a portion of a video in which Miller discussed Appel's arrest with other officers. The court explained that it excluded the video because Miller's subjective reasons for arresting Appel were not relevant. In the course of this discussion, the court also noted that the State's theory at trial was not that Appel was arrested merely because he refused to provide his name. Rather, the State's case was that Appel improperly obstructed law enforcement's brief investigatory detention of Appel to understand his alleged trespassory conduct.

¶8    After the conclusion of the State's case, defense counsel moved to dismiss the case, but that motion was denied. Appel did not testify.

¶9    The jury found Appel guilty, and he now appeals.

## DISCUSSION

¶10    On appeal, Appel argues that the evidence presented at his trial was insufficient to support the jury's finding that he obstructed an officer. Whether the evidence was sufficient to sustain a guilty verdict in a criminal prosecution is a question of law, subject to de novo review. *State v. Smith*, 2012 WI 91, ¶24, 342 Wis. 2d 710, 817 N.W.2d 410. We cannot reverse a criminal conviction unless the evidence, viewed most favorably to the State and the conviction, "is so insufficient in probative value and force that it can be said as a matter of law that no trier of fact, acting reasonably, could have found guilt beyond a reasonable doubt." *State v. Booker*, 2006 WI 79, ¶22, 292 Wis. 2d 43, 717 N.W.2d 676 (citation omitted); *State v. Poellinger*, 153 Wis. 2d 493, 501, 451 N.W.2d 752 (1990). If there is any possibility that the jury could have drawn the appropriate inferences from the trial evidence to find guilt, we may not overturn a verdict—even if we believe that the jury should not have convicted the defendant on the evidence presented. *Poellinger*, 153 Wis. 2d at 507. Reasonable inferences drawn from the evidence can support a finding of fact, and if more than one reasonable inference can be drawn from the evidence, we must adopt the inference that supports the verdict. *Id.*

¶11    Wisconsin's obstructing an officer statute requires proof of four elements. WIS. STAT. § 946.41(1); WIS JI—CRIMINAL 1766 (2024). First, the defendant must obstruct an officer, meaning that the defendant's conduct "prevents or makes more difficult the performance of the officer's duties."

WIS JI—CRIMINAL 1766 (2024). Second, the officer must have been "doing an act in an official capacity," meaning that he or she was "perform[ing] duties that [he or she was] employed to perform." *Id.* Third, the officer must have been "acting with lawful authority." *Id.* "Lawful authority describes whether the officer's actions are conducted in accordance with the law." *State v. Ferguson*, 2009 WI 50, ¶14, 317 Wis. 2d 586, 767 N.W.2d 187. Fourth, the defendant must have known that the officer was "acting in an official capacity and with lawful authority" and known that his or her "conduct would obstruct the officer." WIS JI—CRIMINAL 1766 (2024).

¶12 Appel takes issue only with the first element, arguing that he did nothing to obstruct Deputy Miller. He likens the circumstances preceding his arrest to those in *State v. Hamilton*, 120 Wis. 2d 532, 356 N.W.2d 169 (1984), in which the Wisconsin Supreme Court reversed an obstruction conviction for insufficient evidence. In *Hamilton*, an officer investigating reports of windows shot out at one residence encountered the defendant sitting inside a neighboring house and asked him to identify himself. *Id.* at 534. The defendant replied, "I'm not telling you anything." *Id.* The officer then told the defendant that if he refused to identify himself, he would be arrested for obstructing. *Id.* The defendant again refused, and he was arrested. *Id.* In reversing the defendant's conviction, the supreme court held that refusing to identify oneself is not, without more, enough to constitute obstruction. *Id.* at 543-44. The court noted that the defendant was a guest in a private home, was not a suspect, and was not fleeing. *Id.* at 544.

¶13 Unlike the defendant in *Hamilton*, Appel did not merely refuse to identify himself. Appel ignored Deputy Miller's questions regarding Appel's trespass on private property, and Miller's numerous commands to stop. Instead,

Appel kept walking away, and at one point he appeared to get into a stance that looked as though he was about to run away. Indeed, Appel did get ready to run away just as a second squad car pulled into view. Then, after Miller reached for Appel's arm to detain him for further investigation of the reported trespasses, Appel pulled his body away. Even though Miller did not have to reach more than a few feet to detain Appel and was able to apprehend him quickly after he turned to run, Appel's conduct made Miller's duties more difficult. *See* WIS. STAT. § 946.41(1); WIS JI—CRIMINAL 1766 (2024); *see also* ***State v. Grobstick***, 200 Wis. 2d 242, 249-50, 546 N.W.2d 187 (Ct. App. 1996) (concluding that fleeing from an officer may constitute obstructing). Moreover, unlike the defendant in ***Hamilton***, Appel was indeed a suspect for the underlying offenses being investigated. *See* ***Hamilton***, 120 Wis. 2d at 544. Further, he was not in a private home but rather walking down a road close to property that had recently been trespassed upon, and he matched the description of the trespasser provided by two witnesses. *Cf. **id.***

¶14 Therefore, viewing the evidence in the light most favorable to the verdict, as we are required to do, *see **Poellinger***, 153 Wis. 2d at 507, we conclude that the evidence did in fact support the jury's determination that Appel obstructed Deputy Miller.

¶15 Appel additionally argues that the circuit court erred by refusing to allow testimony and video evidence showing that his arrest was "pretextual." Specifically, he contends that the court should have allowed defense counsel to cross-examine Deputy Miller on his statement that he planned to "hit [Appel] with obstructing." Appel claims that this evidence would have shown Miller's "bias."

¶16 So far as we can tell, Appel's argument is that the jury was entitled to hear that Deputy Miller's actions leading to the obstruction charge were taken to contrive a criminal charge against Appel. He further seems to argue that the circuit court improperly and harmfully prejudiced him by limiting the evidence as it did. In so arguing, Appel does not contend that the evidence of what happened between Miller and Appel—including what they both said—is disputed.

¶17 The circuit court did not erroneously exercise its discretion in excluding evidence relating to Deputy Miller's subjective state of mind during Appel's arrest because it was not relevant. A pretextual stop or arrest is legal under the Fourth Amendment if it is based on "an objectively ascertainable basis for probable cause." *State v. Iverson*, 2015 WI 101, ¶61 n.21, 365 Wis. 2d 302, 871 N.W.2d 661 (citation omitted); *see also State v. Houghton*, 2015 WI 79, ¶25, 364 Wis. 2d 234, 868 N.W.2d 143 (stating that "pretextual traffic stops … are not per se unreasonable under the Fourth Amendment"). The issue at trial was whether the facts objectively showed that Appel obstructed Miller's investigation—not whether Miller was irritated, frustrated, or upset with Appel.

¶18 As explained above, there was ample evidence to support Appel's obstruction conviction. We consequently conclude that the circuit court did not err by refusing to allow evidence regarding Deputy Miller's state of mind. Moreover, we do not need to consider Appel's arguments regarding harmless error because the court did not, in fact, err.

*By the Court.*—Judgment affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4